Michael Lee **WILSON**, Petitioner–Appellant,

v.

Marty **SIRMONS**, Warden, Oklahoma State Penitentiary, Respondent–Appellee.

Donald **Wackerly II**, Petitioner–Appellant,

v.

Marty **Sirmons**, Warden, Oklahoma State Penitentiary, Respondent–Appellee.

Nos. 06–5179, 07–7034, 07–7056.

United States Court of Appeals,
Tenth Circuit.

Dec. 2, 2008.

Lanita B. Henricksen, Henricksen & Henricksen Lawyers, Inc., Oklahoma City, OK, Raymond P. Moore, Federal Public Defender, Office of the Federal Public Defender, Denver, CO, for Michael Lee Wilson.

Jennifer B. Miller, Assistant Attorney General, Seth S. Branham, Jennifer B. Miller, Attorney General for the State of Oklahoma, Oklahoma City, OK, for Respondent–Appellee.

James T. Rowan, Rowan Ashbaker & Mckay PC, Oklahoma City, OK, for Donald Wackerly II.

Before HENRY, Chief Judge, TACHA, KELLY, BRISCOE, LUCERO, MURPHY, HARTZ, O'BRIEN, McCONNELL, TYMKOVICH, GORSUCH, and HOLMES, Circuit Judges.

## ORDER

These matters are before the court to set en banc review. In *Wilson v. Sirmons*, Case No. 06–5179, we GRANT the petition for en banc review filed by respondent Marty Sirmons. In *Wackerly v. Sirmons*, Case Nos. 07–7034 and 07–7056 combined, we set the matter for initial en banc hearing *sua sponte*.

### Discussion

In both *Wilson* and *Wackerly*, petitioners each requested an evidentiary hearing on their ineffective assistance of counsel claims before the Oklahoma Court of Criminal Appeals (OCCA). In both cases, the OCCA denied the requests for an evidentiary hearing, as well as the petitioner's ineffective assistance of counsel claims. Both petitioners sought habeas corpus relief in federal court under 28 U.S.C. § 2254 (AEDPA).

Under Rule 3.11(B)(3)(b) of the *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, chapter 18 (1999), a defendant may request an evidentiary hearing when alleging on direct appeal that trial counsel was ineffective for failing to introduce available evidence. The OCCA will grant the evidentiary hearing if the petitioner's application and supporting material show "by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence." Okla. Stat. tit. 22, ch. 18, Rule 3.11(B)(3)(b).

Some prior cases in this court have applied AEDPA deference to ineffective assistance of counsel claims when the OCCA denied a request for an evidentiary hearing under Rule 3.11. *See, e.g., Bland v. Sirmons*, 459 F.3d 999, 1029–33 (10th Cir. 2006); *Welch v. Sirmons*, 451 F.3d 675, 708–09 (10th Cir.2006); *Parker v. Scott*, 394 F.3d 1302, 1320 (10th Cir.2005); *Mayes v. Gibson*, 210 F.3d 1284, 1287–88 (10th Cir.2000); *see also Wilson v. Sirmons*, 536 F.3d 1064, 1129 (10th Cir.2008) (Tymkovich, J., dissenting) (noting that "[b]ecause the standard for obtaining an evidentiary hearing under Rule 3.11 is lower than the standard set forth in *Strickland* [*v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ] ... when the OCCA denies an evidentiary hearing under Rule 3.11, it necessarily makes a merits determination petitioner cannot meet the substantive *Strickland* standard.").

Other cases have applied de novo review when the OCCA denies a request for an evidentiary hearing with little or no explanation and rejects the claim of ineffective assistance of counsel without reference to the evidence the defendant sought to introduce pursuant to Rule 3.11. *See, e.g., Wilson*, 536 F.3d at 1080; *Young v. Sirmons*, 486 F.3d 655, 680 (10th Cir.2007); *Bryan v. Mullin*, 335 F.3d 1207, 1215 (10th Cir. 2003) (en banc). In a related line of cases, we have treated state court summary decisions as "adjudicat[ions] on the merits," entitled to AEDPA deference, even when the decisions lack substantial reasoning. *See Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir.1999) (explaining that state court decisions can pass muster under § 2254(d) even without citation to relevant Supreme Court decisions so long as neither the reasoning nor the result of the state court decision contradicts Supreme Court precedents).

In this light, the parties are directed to file supplemental briefs addressing the following issues:

(1) When a defendant bases his claim of ineffective assistance of counsel in part on non-record evidence proffered under Oklahoma Rule 3.11, and the OCCA denies the motion for an evidentiary hearing and also denies the ineffective assistance of counsel claim without reference to the proffered non-record evidence, is the OCCA's decision on the defendant's ineffective assistance claim an "adjudication on the merits" warranting deference under § 2254(d)?

(2) What effect, if any, does the extent of the OCCA's discussion of the Rule 3.11 motion, and the proffered non-record evidence, have on whether

the OCCA's decision on the petitioner's ineffective assistance of counsel claim is entitled to deference under § 2254(d)? The briefs should consider circumstances where the OCCA denial, (a) is made summarily without reasoning or discussion of the Rule 3.11 materials, or otherwise lacks substantial reasoning, (b) cites to Rule 3.11 but does not discuss proffered evidence, or (c) cites to Rule 3.11 and discusses proffered evidence.

### Procedural Matters

The petitioners in both appeals may file separate briefs addressing these issues. Those briefs must be filed on or before January 16, 2009 and should comply generally with Federal Rules of Appellate Procedure 28 and 32 and the local 10th Circuit rules accompanying those rules. The briefs shall, however, be limited to 14,000 words in length.

Within 30 days of service of those briefs, the government shall file a single consolidated brief in response. It shall likewise comply with all applicable rules. That brief may be up to 14,000 words in length. The petitioners may each file an optional reply within 14 days of service of the government's supplemental brief. Those briefs may not exceed 7,000 words.

These matters will be set for hearing on the court's March 2009 oral argument calendar. That calendar is currently set for the week of March 9, 2009. Counsel will receive separate notice of the exact date and time of the argument.