**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 30, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CLARENCE REX BURNELL,

Defendant-Appellant.

No. 08-8056
(D.C. No. 2:07-CR-238-ABJ-2)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

---

Clarence Rex Burnell appeals his convictions on one count of conspiracy to

possess with intent to distribute, and to distribute fifty grams or more of

methamphetamine pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846,

and 851, and one count of distribution of fifty grams or more of

methamphetamine and aiding and abetting pursuant to 21 U.S.C. §§ 841(a)(1),

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

841(b)(1)(A)(viii), 851, and 18 U.S.C. § 2. He contends that the district court erred in admitting certain coconspirator statements without making the findings required by Fed. R. Evid. 801(d)(2)(E) and that the prosecutor committed misconduct by making improper remarks in his closing argument. We have jurisdiction under 28 U.S.C. § 1291. With regard to the Rule 801(d)(2)(E) issue, we hold that the court did not commit reversible error. With regard to the prosecutorial misconduct argument, we hold that the remarks did not rise to the level of plain error. Accordingly, we AFFIRM the district court's judgment.

## I. Background

Mr. Burnell's jury trial featured the testimony of several cooperating witnesses. Before the government commenced its case, it made a proffer to establish the requirements for admitting coconspirator statements as non-hearsay under Rule 801(d)(2)(E). The court found that the government's proffer would be sufficient to establish the Rule 801(d)(2)(E) test, but reserved making findings or ruling on the admissibility of the testimony until the conclusion of the government's case.

The government's case generally indicated that Mr. Burnell's girlfriend, Barbara Davis, sold methamphetamine to Mr. Burnell and others, sometimes from Mr. Burnell's residence, and other times in various Wyoming locations to which she and Mr. Burnell traveled. There was testimony that Mr. Burnell was present for some of the transactions, and that the buyers and Mr. Burnell sometimes

smoked methamphetamine (usually provided by Mr. Burnell) together. Some witnesses testified that they bought small amounts of methamphetamine from sources who said they got it from Mr. Burnell. One witness testified that Ms. Davis had complained about Mr. Burnell failing to pay her for drugs that he was supposed to sell, and another testified that she complained about Mr. Burnell owing her money. A witness testified to buying one gram of methamphetamine directly from Mr. Burnell. Another witness testified that, on one occasion, Mr. Burnell gave him a quarter or a half of a gram when Ms. Davis did not have the methamphetamine the witness wanted to buy. And there was testimony that Mr. Burnell drove Ms. Davis and a witness around town while Ms. Davis sold about seven grams of methamphetamine to the witness.

On the last day of its case, the government sought to call a previously undisclosed witness, Mike Stegena. Mr. Stegena had entered a plea agreement that week and told the government that he had been present at two methamphetamine transactions involving Mr. Burnell. Over Mr. Burnell's objection, the court allowed Mr. Stegena to testify. Up to that point, the government's case had involved small amounts of drugs (the greatest being about a quarter of a pound), but Mr. Stegena's testimony involved much larger quantities. He testified that he was present when Ms. Davis and Mr. Burnell sold a pound of methamphetamine to Terri Jo Ready for $7,500, and, on another occasion, when Mr. Burnell and his brother sold two pounds of methamphetamine

to Ms. Ready for $14,000-15,000. When asked how he knew the quantities of drugs and the amount of money, Mr. Stegena testified that Ms. Ready had said so during the transactions. Mr. Burnell objected to the admission of this testimony.

After the government rested, Mr. Burnell moved for acquittal under Federal Rule of Criminal Procedure 29. In connection with denying the motion, the court made certain findings under Rule 801(d)(2)(E):

> I find that the evidence, then, is sufficient to establish that this defendant was involved in a drug conspiracy; that the drug conspiracy involved Barbara Davis as well as other persons, Dawn Bartolic certainly for one, and others in various capacities who themselves were involved in still other drug conspiracies as their primary source of drugs and controlled substances; and that Mr. Stegena, a three-time drug dealer, was apparently allegedly, according to his testimony, present when the defendant delivered substantial quantities of drugs to a friend in Casper, Wyoming, on July 4th, 2005 and again prior to October 10 of that same year.

Aplt. App., Vol. 11 at 768. When the government asked the court to make findings about Ms. Ready's statements as reported by Mr. Stegena, the court found that "those statements were made in furtherance of the conspiracy and in its course." *Id.* at 778.

The trial proceeded, and the prosecutor concluded his rebuttal closing argument with the following remarks:

> We are a nation of laws, as the Judge indicated. No one, including Mr. Burnell, is above the law. If we are a nation of laws, then you really only have one choice, guilty as charged, guilty as charged. Don't give him another opportunity to help poison our communities. Thank you.

*Id.*, Vol. 12 at 896.  Mr. Burnell did not object to these statements.

The jury convicted Mr. Burnell, and the court sentenced him to life imprisonment.

## II.  Discussion

### A.  *Fed. R. Evid. 801(d)(2)(E)*

Under Rule 801(d)(2)(E), a statement is not hearsay if it is made by "a coconspirator of a party during the course and in furtherance of the conspiracy." Thus, to admit coconspirator statements in accordance with the rule, the trial court must find "the following elements by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the declarant and the defendant were both members of the conspiracy; and (3) that the statements were made in the course of and in furtherance of the conspiracy." *United States v. Sinclair*, 109 F.3d 1527, 1533 (10th Cir. 1997).  Mr. Burnell makes a procedural challenge to the admission of Mr. Stegena's testimony concerning Ms. Ready's statements.  He concedes that the district court explicitly found the third element, but argues that the court never made the required findings on the first or second elements.

While the district court did find that there was a drug conspiracy involving Mr. Burnell, *see* Aplt. App., Vol. 11 at 768, there was no explicit finding that Ms. Ready was also a member of that conspiracy.  We have noted, however, that "a lack of formal findings may not always require a remand to the trial court.  In some cases, the record may demonstrate 'without any question that the trial court

did make the requisite inquiry even though no formal findings appear.'" *Sinclair*, 109 F.3d at 1533 (quoting *United States v. Perez*, 989 F.2d 1574, 1582 n.3 (10th Cir. 1993) (en banc)).  This is one of those cases.

As in *Sinclair*, the trial court "understood that the government was required to establish the existence of the conspiracy before the out-of-court statements could be admitted." *Id.* at 1534.  The record reflects that the court did engage in a Rule 801(d)(2)(E) inquiry, and as part of that inquiry, the court specifically analyzed the admissibility of Ms. Ready's statements, considering the context of the statements and how the evidence might fit into the government's theory of the case.  Aplt. App., Vol. 11 at 762-63.  Further, even disregarding Ms. Ready's remarks, Mr. Stegena's testimony that he observed the exchange of drugs for money between Mr. Burnell and Ms. Ready on two occasions constituted evidence that Mr. Burnell and Ms. Ready were involved in the same conspiracy.  *See Sinclair*, 109 F.3d at 1534 (noting evidence that tended to establish the first two Rule 801(d)(2)(E) elements).  The court's review of Mr. Stegena's testimony and the finding that Ms. Ready's statements were in the course of and in furtherance of the conspiracy further indicate that the court also found that Mr. Burnell and Ms. Ready were involved in the same conspiracy.  *See id.* (stating that the court's allowance of the out-of-court statements indicated it found the witness's testimony sufficiently credible to establish the required elements).

We conclude that the trial court did not commit reversible error in admitting Mr. Stegena's testimony about Ms. Ready's statements.

## B.  Prosecutorial Misconduct

Mr. Burnell also alleges that the prosecutor's concluding remarks constituted misconduct.  Because Mr. Burnell did not object at trial, we review this issue for plain error.  *See United States v. Jones*, 468 F.3d 704, 707 (10th Cir. 2006).  "In order to grant relief, we must find error that is plain, that affects substantial rights, and that seriously affects the fairness, integrity, or public reputation of the judicial proceedings."  *Id.* (quotation omitted).

We assume without deciding for purposes of this appeal that the prosecutor's remark may constitute "error" that is "plain."  *See United States v. Rogers*, 556 F.3d 1130, 1143 (10th Cir. 2009) ("Prosecutors are not permitted to incite the passions of the jury by suggesting they can act as the 'community conscience' to society's problems."), *cert. denied*, __ S. Ct. __, 77 U.S.L.W. 3669 (June 8, 2009) (No. 08-10223); *Wilson v. Sirmons*, 536 F.3d 1064, 1120 (10th Cir. 2008) ("It is improper for a prosecutor to suggest that a jury has a civic duty to convict." (quotation omitted)), *reh'g en banc granted*, 549 F.3d 1267 (10th Cir. 2008); *Malicoat v. Mullin*, 426 F.3d 1241, 1256 (10th Cir. 2005) ("Mr. Malicoat correctly observes that it is error for a prosecutor to exhort a jury to reach a guilty verdict based on the grounds of civic duty." (alteration and quotation omitted)). We are not convinced, however, that any error affected Mr. Burnell's substantial

rights or seriously affected the fairness, integrity, or public reputation of his trial.

"[W]hen reviewing on a plain-error standard, prosecutorial misstatements, even if inappropriate and amounting to error, must be so severe as to undermine the fundamental fairness of the trial and contribute to a miscarriage of justice, in order to amount to a due process violation." *Jones*, 468 F.3d at 709. "An improper appeal to societal alarm typically does not amount to a denial of due process." *Jones v. Gibson*, 206 F.3d 946, 959 (10th Cir. 2000).

In *Rogers*, the prosecutor's appeal to the community's conscience was found, on de novo review, to be harmless because the government had built a "very strong case"; "the large majority of the prosecutor's closing argument is supported in the record"; "the jury was properly instructed that closing arguments are not evidence"; and "the prosecutor's narrative was a small piece of a lengthy closing argument, and was simply not egregious enough to influence the jury to convict on grounds other than the evidence presented." 556 F.3d at 1143 (quotation omitted); *see also Le v. Mullin*, 311 F.3d 1002, 1022 (10th Cir. 2002) (applying similar factors in holding that state court did not unreasonably apply federal law in ruling that the proceeding was not fundamentally unfair, notwithstanding an improper remark). Applying the factors set forth in *Rogers*, we conclude that the prosecutor's remark was harmless, and thus Mr. Burnell cannot satisfy the plain-error standard.

## III.

The judgment of the district court is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

HARTZ, J., concurs in the result.