**UNITED STATES COURT OF APPEALS**

**May 14, 2012**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CLARENCE REX BURNELL,

    Defendant - Appellant.

No. 11-8100
(D.C. Nos. 2:10-CV-00119-ABJ and
2:07-CR-00238-ABJ-2)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

In July 2008, Clarence Rex Burnell, a federal inmate appearing pro se, received two concurrent life sentences for conspiracy to possess with intent to distribute, and to distribute, fifty grams or more of methamphetamine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846, & 851, and distribution of fifty grams or more of methamphetamine and aiding and abetting, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 851; 18 U.S.C. § 2. This court affirmed on direct appeal. United States v. Burnell, 336 Fed. App'x. 775 (10th Cir. 2009). The district court

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

then denied his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Burnell v. United States, No. 10-cv-119-J, Dkt. 14, at 13 (D. Wyo. Oct. 31, 2011).  Mr. Burnell appealed to this court and we granted him a certificate of appealability (COA) on his right-to-testify claim only.  We deny a COA on all the other issues he raised because the district court's resolution is not reasonably debatable.  See Miller-El v. Cockrell, 537 U.S. 322, 337-38 (2003).

Mr. Burnell insists that he was deprived of his right to testify in violation of the Assistance of Counsel Clause (largely relying on Rock v. Arkansas, 483 U.S. 44, 49 (1987) and Cannon v. Mullin, 383 F.3d 1152, 1171 (10th Cir. 2004)).  He claims that, if called, he could have explained to the jury's satisfaction that he was a *user* of drugs but not part of a conspiracy to sell them.  The government argues that even if his attorney's conduct was deficient, Mr. Burnell cannot "establish prejudice of any kind."  Aplee. Br. 9, 18.  It claims that his "version of the facts is patently inconsistent with logic and the evidence," id. at 28, and that taking the stand would have exposed him to Rule 404(b) evidence and impeachment on two Wyoming convictions for distributing methamphetamine, id. at 29.

Upon careful review, we conclude that Mr. Burnell has failed to show that there is a reasonable probability that the result of his trial would have been different had he testified.  Strickland v. Washington, 466 U.S. 668, 694.  He says, for instance, that his prior convictions would only "illustrate [his] propensity to

acquire methamphetamine for personal use," Aplt. Rep. Br. at 3, yet his 1998 sentence was for possession with intent to deliver, and delivery of, methamphetamine. He claims his testimony would have shown that his girlfriend, Barbara Davis, who implicated him but was never called, was a "liar and manipulator." Id. at 3-4. Yet in the district court he submitted an affidavit from Davis stating that she was prepared to testify favorably in his behalf. Burnell v. United States, No. 10-cv-119-J, Dkt. 14, at 8. Apparently he wishes to impeach a witness he felt earlier was essential to his defense, but this untried path, whatever its strategic merit, does not convince us that the result at trial would have been different. Because Mr. Burnell has not made an adequate showing of prejudice, the district court did not abuse its discretion in denying him an evidentiary hearing on his ineffectiveness claim concerning the right to testify. We GRANT Mr. Burnell's motion to proceed on appeal IFP.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge