McCONNELL, Circuit Judge,
joined by
HENRY, Chief Judge, and KELLY, LUCERO, MURPHY, HARTZ, and HOLMES, Circuit Judges.
This court granted rehearing en banc to determine whether to accord deference to decisions of the Oklahoma state courts on claims of ineffective assistance of counsel under 28 U.S.C. § 2254 where those claims are based on evidence that was not part of the original trial court record and where the state court declined to supplement the record with the proffered evidence, based on Oklahoma Appellate Rule 3.11(B)(3)(b). Under Oklahoma procedure, appellate review of a criminal conviction is confined to the original trial record unless that record has been supplemented through an evidentiary hearing. Rule 3.11(B)(3)(b) allows a defendant, on direct appeal, to offer non-record evidence in support of an ineffective assistance of trial counsel claim. If the court finds, “by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence,” the Oklahoma Court of Criminal Appeals *1287 (“OCCA”) will remand to the trial court for an evidentiary hearing based on the claims raised in the application. Okla. Stat. tit. 22, ch. 18, App. Rule 3.11(B)(3)(b) [hereinafter “Rule 3.11”]; Dewberry v. State, 954 P.2d 774, 775-76 (Okla.Crim.App.1998). Following the evidentiary hearing, the trial court makes written findings of fact and conclusions of law. “It is the record from this evidentiary hearing which ... supplements the trial court record on appeal.” Detuberry, 954 P.2d at 776. Any affidavits or other evidence supplied in support of the evidentiary hearing are not considered part of the record on which the OCCA bases its Strickland, ruling unless they are properly introduced at the evidentiary hearing. Id. (“The record on appeal must remain as only that which has been presented through the trial court.”) (emphasis added).
In Wilson v. Sirmons, 536 F.3d 1064 (10th Cir.2008), a divided panel held that where the Oklahoma Court of Criminal Appeals rejects an ineffective assistance of counsel claim in a capital case predicated on non-record evidence without ordering an evidentiary hearing to supplement the record and without otherwise considering that evidence under the standards set forth in Strickland, the decision of the OCCA on that claim is not entitled to deference under Antiterrorism and Effective Death Penalty Act (“AEDPA.”) Id. at 1079-1083. In Wackerly v. Workman, No. 07-7034 & 07-7056, the panel faced a similar question. Recognizing that our circuit’s precedents have not been consistent on this point, the full court voted to grant rehearing en banc in Wilson, and initial en banc review in Wackerly, on the following issues:
(1) When a defendant bases his claim of ineffective assistance of counsel in part on non-record evidence proffered under Oklahoma Rule 3.11, and the OCCA denies the motion for an evidentiary hearing and also denies the ineffective assistance of counsel claim without reference to the proffered non-record evidence, is the OCCA’s decision on the defendant’s ineffective assistance claim an “adjudication on the merits” warranting deference under § 2254(d)?
(2) What effect, if any, does the extent of the OCCA’s discussion of the Rule 3.11 motion, and the proffered non-record evidence, have on whether the OCCA’s decision on the petitioner’s ineffective assistance of counsel claim is entitled to deference under § 2254(d)? The briefs should consider circumstances where the OCCA denial, (a) is made summarily without reasoning or discussion of the Rule 3.11 materials, or otherwise lacks substantive reasoning, (b) cites to Rule 3.11 but does not discuss proffered evidence, or (c) cites to Rule 3.11 and discusses proffered evidence.
Wilson v. Sirmons, 549 F.3d 1267, 1268-69 (10th Cir.2008).
Having received supplemental briefs and heard oral argument in these cases, we conclude that the panel in Wilson was correct in its holding that AEDPA deference does not apply when, pursuant to Rule 3.11, the OCCA decides an ineffective assistance of counsel claim without consideration of non-record evidence that, “if true and not contravened by the existing factual record, would entitle the petitioner to habeas relief’ under Strickland. Miller v. Champion, 161 F.3d 1249, 1253 (10th Cir.1998). We therefore reinstate the panel decision in Wilson, and remand to the panel in Wackerly for disposition consistent with this decision.
I. BACKGROUND
Michael Lee Wilson and Donald Wackerly II were convicted of first degree murder in unrelated cases and both were sentenced to death. Both defendants raised *1288 claims of ineffective assistance of counsel on appeal, and in support of those claims, proffered affidavits and other non-record evidence purporting to show that their trial counsel’s performance fell below constitutional standards of effectiveness under Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Pursuant to Oklahoma Appellate Rule 3.11(B)(3)(b), they requested an evidentiary hearing to submit non-record evidence on their ineffective assistance claims. The OCCA denied this request in both cases.
Mr. Wilson’s primary claim was that his trial counsel was constitutionally deficient with respect to mental health mitigation at the sentencing phase. He proffered five affidavits in support of this claim. Three of these affidavits were from family members and one was from his former girlfriend, who is also the mother of his child. All described different mental health problems Mr. Wilson had, along with other struggles he experienced throughout his youth. The fifth was from the trial expert, Dr. Eugene Reynolds, who had been engaged by trial counsel only three weeks prior to the trial. In his affidavit, Dr. Reynolds explained that he had not had time prior to trial to properly examine Mr. Wilson. In particular, although one of the tests he administered prior to trial indicated the possibility of schizophrenia, the test was invalid; but Dr. Reynolds did not have time to readminister the test. Nor did he have the benefit of information from the family prior to making his pre-trial diagnoses. Dr. Reynolds then set forth the diagnoses that he reached after trial with the benefit of the additional affidavits from Mr. Wilson’s family, provided by appellate counsel, as well as the retesting and further examination. These diagnoses showed, among other things, that Mr. Wilson suffered from schizophrenia and hallucinations. He also outlined the diagnoses he was able to make prior to the sentencing phase but which were nonetheless never presented to the jury, and recounted his interactions with the defendant. Wilson, 536 F.3d at 1075, 1077. All of these affidavits were prepared after judgment had been rendered at trial, and thus were not part of the trial record.
In denying Mr. Wilson’s claim, the OCCA explained that “[Mr.] Wilson has filed ... an application for an evidentiary hearing regarding ineffective assistance of counsel in an attempt to supplement the record with materials not found in the record.” Wilson v. State, 983 P.2d 448, 472 (Okla.Crim.App.1998). The court then dealt with the issue in a single paragraph, beginning with the words: “A review of the trial record shows ...” and containing a summary of Dr. Reynolds’s trial testimony, with no mention of his post-trial affidavit. Id. The court then concluded:
The mere fact more evidence could have been presented is not, in itself, sufficient to show counsel was deficient. Reynold’s [sic] testimony was credible and well developed. We find [Mr. Wilson] has failed to carry his burden to show either deficient performance by counsel, or prejudice from the omission of this specific evidence.
Id. (citation omitted). In an accompanying footnote, it denied Mr. Wilson’s motion for an evidentiary hearing, without reference either to the Strickland standard or to the Rule 3.11(B)(3)(b) standard. Id. at n. 8. The court did not quote, summarize, or analyze the substance of the non-record evidence.
On habeas review, the federal district court applied AEDPA deference to the issue of whether counsel was ineffective at the sentencing phase and found that the OCCA’s denial of the claim was not an unreasonable application of Supreme Court precedent. Wilson v. Sirmons, 2006 WL 2289777, at *43 (N.D.Okla. Aug.8, *1289 2006) . It denied both his habeas petition and his request for an evidentiary hearing.
Mr. Wackerly also proffered non-record evidence that he argued trial counsel should have submitted as mitigating evidence at the penalty stage. This included records of longstanding health problems and cognitive disorders, including suicide attempts and drug addiction. It also included the medical opinion of Dr. Micki Ozolins, a neuropsychologist, who diagnosed Mr. Wackerly with “longstanding dependent personality disorder” and opined that the parenting Mr. Wackerly had received and his cognitive limitations likely contributed to his poor adjustment throughout life. Dr. Ozolins testified that Mr. Wackerly had a dependent relationship with his girlfriend and accomplice Michelle, that he would be easily influenced by her, and that Mr. Wackerly would be devastated by the loss of a close relationship, such as the one he had with his terminally ill mother. The OCCA rejected Mr. Waekerly’s ineffectiveness claim as it had Mr. Wilson’s, but was even more explicit in its rejection of the proffered evidence under Rule 3.11. Wackerly v. State, 12 P.3d 1, 14 (Okla.Crim.App.2000). It cited the rule and then found that while Mr. Wackerly “has shown this Court that trial counsel could perhaps have accessed other information in preparing for trial,” he “has not shown by clear and convincing evidence a strong possibility that defense counsel was ineffective for failing to utilize or identify the complained of evidence.” Id. Accordingly, it denied his application for an evidentiary hearing. On habeas review, the district court acknowledged that the OCCA had analyzed Mr. Wackerly’s ineffectiveness claim under Rule 3.11’s standard, but it nonetheless applied AED-PA deference. Wackerly v. Sirmons, 2007 WL 963210, at *8 (E.D.Okla. Mar.27, 2007) . It found that the OCCA’s determination that Mr. Wackerly had not established deficient performance was contrary to clearly established federal law, id., but denied his petition on the ground that he could not show prejudice. Id. at *16.
The Panel Decision in Wilson
In reviewing Mr. Wilson’s case, a panel of this court held that his ineffectiveness claim deserved de novo review rather than AEDPA deference. In Part III(c) of the lead opinion, joined by Judge Hartz, who concurred separately in other respects, the panel noted first of all that the state court’s decision on the ineffectiveness claim was based upon an incomplete factual record — i.e., the OCCA did not consider the non-record evidence-and that “when a state court’s disposition of a mixed question of law and fact, including a claim of ineffective assistance, is based on an incomplete factual record, through no fault of the defendant, and the complete factual record has since been developed and is before this Court, we apply de novo review to our evaluation of the underlying claim.” Wilson, 536 F.3d at 1079 (citing Bryan v. Mullin, 335 F.3d 1207, 1215 (10th Cir.2003) (en banc)). The panel emphasized that this “does not mean that we apply de novo review every time the state court declines to hold a hearing on a defendant’s evidentiary proffer,” id., but that in this case the OCCA had not considered the non-record evidence when it denied the ineffectiveness claim. This was not a case where “the state court examined the claim on the merits, including the proffered non-record evidence, but decided that even if that new evidence were fully developed, the defendants could not meet their burdens under Strickland.” Id. Instead, this was a case where the OCCA relied solely on the trial record when it denied the claim and the evidentiary hearing, as provided by Rule 3.11. See id. at 1080 (“Any affidavits or other evidence supplied in support of the evidentiary hearing are not considered part of the record on which the *1290 OCCA bases its Strickland ruling unless they are properly introduced at the evidentiary hearing.”); Dewberry, 954 P.2d at 775 (“The record on appeal must remain as only that which has been presented through the trial court.”) (emphasis added).
Judge Tymkovich dissented. While the majority held that the OCCA decision could be considered an “adjudication on the merits” only if the court considered both the record and non-record evidence, Judge Tymkovich argued that “[a]n adjudication on the merits occurs when the state court resolves the case on substantive grounds, rather than procedural grounds.” Wilson, 536 F.3d at 1128 (Tymkovich, J., dissenting) (quoting Valdez v. Cockrell, 274 F.3d 941, 946-67 (5th Cir.2001)). Because the OCCA’s rejection of Mr. Wilson’s ineffectiveness claim was based on substantive rather than procedural grounds, Judge Tymkovich found it irrelevant that the state court had not considered all the evidence that the defendant presented. To the degree that our precedents held otherwise, he argued that they had been overruled by Schriro v. Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007) (“Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.”).
Judge Tymkovich further argued that “[bjecause the standard for obtaining an evidentiary hearing under Rule 3.11 is lower than the standard set forth in Strickland — petitioner need only show a ‘strong possibility’ of ineffective assistance' — when the OCCA denies an evidentiary hearing under Rule 3.11, it necessarily makes a merits determination petitioner cannot meet the substantive Strickland standard.” Wilson, 536 F.3d at 1129 (Tymkovich, J., dissenting). The panel majority rejected Judge Tymkovich’s argument that the OCCA’s denial of an evidentiary hearing under Rule 3.11 could substitute as an adjudication on the merits of a defendant’s Strickland claim because it rejected Judge Tymkovich’s position that Rule 3.11 laid out a lower standard. “Although Rule 3.11 uses a lower substantive standard (‘strong possibility’) it erects a much higher evidentiary hurdle for meeting that standard: to obtain an evidentiary hearing under Rule 3.11, the movant must provide ‘clear and convincing evidence’ of this ‘strong possibility.’ ” Id. at 1081. The panel stated that “the interplay of these two standards-one more demanding, one less demanding, than the federal-is not clear,” but that “we cannot conclude that when the state court denies an evidentiary hearing under Rule 3.11 it has necessarily decided that the federal standard was not satisfied.” Id. It therefore concluded that there had been no adjudication on the merits and reviewed Mr. Wilson’s claim de novo, ultimately remanding to the district court to hold an evidentiary hearing for consideration of the proffered evidence.
II. DISCUSSION
A. Whether an OCCA Ruling is an Adjudication on the Merits When It Does Not Consider Material Non-Record Evidence

1. The Text, Structure, and Purpose of AEDPA

Under AEDPA, federal courts must defer to the state court’s resolution of a claim when the state court has adjudicated the petitioner’s claim “on the merits.” 28 U.S.C. § 2254(d). If there has been no adjudication on the merits, we review the claim de novo. In the cases before us, the state court disposed of mixed questions of law and fact, but did so on a factual record that was, solely as a result of the state *1291 procedural rule, incomplete. We hold that when the state court makes such findings on an incomplete record, it has not made an adjudication on the merits to which we owe any deference.
The merits question presented is whether, in light of non-record evidence, trial counsel’s performance satisfied constitutional standards. If, because of procedural obstacles to supplementing the record, the state court does not consider the material, non-record evidence that has been diligently placed before it, it perforce does not provide an answer to that question. Ineffective assistance claims based on a failure to investigate will almost always involve evidence not contained within the record, as the defendant will have to point to what trial counsel would have uncovered had he diligently performed his duties. By definition such evidence is not already in the trial record. Nor was the evidence produced by these defendants so slight or inconsequential that it could not be considered material to the constitutional claims. If the state court fails to consider the very evidence that the claim is based upon, then the state court has not adjudicated the merits of the claim.
A claim is more than a mere theory on which a court could grant relief; a claim must have a factual basis, and an adjudication of that claim requires an evaluation of that factual basis. Black’s Law Dictionary defines a “claim” as “[t]he aggregate of operative facts giving rise to a right enforceable by a court.” Black’s Law Dictionary (8th ed.2004); see also United States v. Ripa, 323 F.3d 73, 83 n. 10 (2d Cir.2003); Wyandotte Nation v. Nat’l Indian Gaming Comm’n, 437 F.Supp.2d 1193, 1208 (D.Kan.2006). Indeed, when a civil complaint states only “a formulaic recitation of the elements of a cause of action” without “[f]actual allegations [that are] enough to raise a right to relief above the speculative level,” we dismiss the complaint for failure to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This is no different in the habeas context, where the Supreme Court has said that “a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.” Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (emphasis added). And AEDPA tells us that for deference to apply the state court not only must dispose of a claim, but must do so “on the merits.” Black’s Law Dictionary defines “on the merits” as a judgment “delivered after the court has heard and evaluated the evidence and the parties’ substantive arguments.” Black’s Law Dictionary (8th ed.2004). When the state court has not considered the material evidence that a defendant submitted to support the substance of his arguments, it has not adjudicated that claim on the merits.[1] See Barkell v. Crouse, 468 F.3d 684, 697 (10th Cir.2006) (Holmes, J.) (where state court *1292 rejected an ineffective assistance of counsel claim without considering the petitioner’s proffered evidence, the court “was deciding a different issue from what is before us”); Torres v. Lytle, 461 F.3d 1303, 1312 (10th Cir.2006) (Hartz, J.) (“Although ordinarily we would review Mr. Torres’s habeas claim on that same record and give the state court’s ruling the usual AEDPA deference, we are now considering the trial transcript, which was not presented to the [state court]. Accordingly, we may not be deciding the same legal issue decided by the [state court], at least if the trial transcript provides substantial evidence not in Mr. Torres’s pleadings with the [state court].”).
As the panel noted, Wilson, 536 F.3d at 1079, this does not mean that the state court fails to reach the merits in every case in which it denies the defendant’s motion for an evidentiary hearing under Rule 3.11(B)(3)(b). In some cases, the OCCA first analyzes the proffered non-record evidence against the Strickland standard, concludes that even if admitted the evidence would not entitle the petitioner to habeas relief, and then denies the motion for an evidentiary hearing. See, e.g. Welch v. State, 2 P.3d 356, 376-77 (Okla.Crim.App.2000); Bland v. State, 4 P.3d 702, 732-34 (Okla.Crim.App.2000) (analyzing proffered evidence in detail, finding that it did not amount to evidence of ineffectiveness because it would not have “impacted the outcome of the trial,” and then additionally denying the evidentiary hearing). The decisions in these cases are treated as decisions on the merits for purposes of AEDPA deference. See Welch v. Sirmons, 451 F.3d 675, 704, 708-09 (10th Cir.2006) (OCCA referred to the proffered affidavits in the course of denying the ineffectiveness claim); Bland v. Sirmons, 459 F.3d 999, 1030 (10th Cir. 2006) (the OCCA “[e]xamin[ed] the affidavits that would be proffered at such a[n] [evidentiary] hearing.”). The reason they constitute decisions on the merits is that the OCCA in these cases applies the Strickland standard to the evidence, without regard to the additional “clear and convincing evidence” hurdle of Rule 3.11(B)(3)(b). In the cases now under review, however, the OCCA denied relief solely by reference to the record evidence. In these cases, unlike Welch and Bland, the OCCA did not render an alternative holding that the petitioners would not be entitled to relief even if the proffered evidence were admitted and considered.
When the state court relies solely upon the record evidence, and denies both the claim itself and an evidentiary hearing on the proffered non-record evidence without any alternative holding based upon the proffered evidence, there is no adjudication on the merits that would warrant deferential review. A merits adjudication requires the court to consider the “substance” of the defendant’s claim, Gray, 518 U.S. at 163, 116 S.Ct. 2074, citing Picard v. Connor, 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), and when the claim involves a mixed question of law and fact but a procedural rule prevents the state court from even considering the factual grounds, the court has failed to do so.
In this respect, the “exhaustion” and “adjudicated on the merits” elements of federal habeas practice are mirror images. To satisfy the exhaustion requirement, a prisoner must afford the state court the “opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim,” Picard, 404 U.S. at 277, 92 S.Ct. 509 (quotation omitted; brackets in original), which entails presentation both of the facts on which he bases his claim and the constitutional claim itself. Hawkins v. Mullin, 291 F.3d 658, 669-70 (10th Cir.2002); see also Gray, 518 U.S. at 162-63, 116 S.Ct. 2074; Demarest, 130 *1293 F.3d at 938-39. To be entitled to deference under AEDPA, the state court must similarly decide the “substance” of the claim, which means to “apply controlling legal principles to the facts bearing upon [his] constitutional claim.” Picard, 404 U.S. at 277, 92 S.Ct. 509. To dispose of a claim without considering the facts supporting it is not a decision on the merits.
Our interpretation comports with the general purposes and structure of AEDPA as well as its language. While that statute vindicates goals such as federalism and comity by affording great deference to state court decisions, it prescribes deference only for decisions the state court has actually made. These purposes are not served when the state court has never considered the substance of the claim in the first place. No court will have yet evaluated the evidence (evidence which, in the Strickland context, often comprises the entirety of the claim, as the evidence of ineffectiveness based on the failure to investigate usually comes to light only after the trial) and thus there is no prior evaluation of the claim that would deserve the kind of deference AEDPA provides. As the federal court would be the first court “to apply controlling legal principles to the facts bearing upon [his] constitutional claim,” Picard, 404 U.S. at 277, 92 S.Ct. 509 (quotation omitted; brackets in original), its ruling would show no disrespect to any contrary dispensation from the state court. AEDPA entitles a defendant to receive de novo review of his federal claim from some court, so long as he is diligent and timely in presenting his claim. If the state court does not perform this review because it has limited its review to the trial record, and the federal court does not perform this review because it nonetheless defers to the state court’s judgment, then de novo review will never be performed.
In sum, AEDPA requires us to defer to the state court “with respect to any claim that was adjudicated on the merits,” but an ineffectiveness claim has not been adjudicated on the merits when the state court failed to consider the evidence on which the defendant based his claim. So long as that defendant was diligent in presenting his evidence to the state court and otherwise satisfies AEDPA’s requirements, the federal court will review the claim de novo.

2. Arguments in the Dissents

The dissents urge us to regard the OCCA’s decisions in these cases as “on the merits.” They offer two versions of the argument. First, when the OCCA denied Mr. Wilson’s and Mr. Wackerly’s claims of ineffective assistance of counsel, this was “on the merits” even if the court did not consider the evidence the petitioners put forward. Such an adjudication might be wrong, they seem to argue, but it was nonetheless “on the merits.” Second, when the OCCA decided not to grant these petitioners an evidentiary hearing under Rule 3.11, the court necessarily determined that the proffered affidavits were not clear and convincing of a strong possibility that counsel was ineffective. This, too, the dissenters regard as an adjudication on the merits of the petitioners’ Strickland claims.
We have already explained why this court has traditionally refused to regard a decision as “on the merits” when it fails to consider the substance of the claim. But even if we were to agree, arguendo, that the OCCA’s decisions in these cases were on the merits, it would necessarily follow that each would be reversed on the ground that it “was contrary to ... clearly established Federal law.” 28 U.S.C. § 2254(d)(1). To decide a legal claim without regard to the evidence is surely unreasonable. See Williams v. Taylor, 529 U.S. 362, 416, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O’Connor, J., concurring) (“The *1294 [state court’s] decision reveals an obvious failure to consider the totality of the omitted mitigation evidence” and therefore “involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States.” (citations omitted)). To decide the claim by reference to a higher standard of proof than is imposed by federal law is no less erroneous. Strickland requires a petitioner to “show, by a preponderance of the evidence, that (1) counsel’s performance fell below an objective standard of reasonableness, and (2) prejudice, such that there is a reasonable probability that but for counsel’s errors, the outcome of the trial would have been different.” Young v. Sirmons, 486 F.3d 655, 680 (10th Cir.2007). As we elaborate in the next section of this opinion, Rule 3.11’s “clear and convincing evidence” standard is more demanding than Strickland’s “preponderance of the evidence” standard; therefore, any decision based on the former standard would be contrary to clearly established federal law. See id. (“[I]f the OCCA used the wrong standard in evaluating Young’s claim, the district court owed the OCCA no deference and properly conducted an evidentiary hearing on this matter.”); Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir.2003) (“[AEDPA deference] does not apply if the state court employed the wrong legal standard in deciding the merits of the federal issue.”) (citing Revilla v. Gibson, 283 F.3d 1203, 1220 n. 14 (10th Cir.2002)). Thus, the dissenters’ interpretation of “on the merits” would lead to the same outcome, by a more circuitous course.
The dissents express concern that our approach will allow habeas petitioners to circumvent state remedies and improperly obtain de novo review in federal court by the expedient of holding back evidence from the state court and then presenting it in federal court. See Tymkovich dissent at 1308 (“[T]he majority suggests that every time a habeas petitioner submits new evidence in federal court, the evidence amounts to a new constitutional ‘claim’ that has never been adjudicated.”).
We believe these concerns are greatly exaggerated. AEDPA itself contains safeguards against the dissenters’ feared strategy. First, a petitioner must diligently develop the factual basis of his claim in state court before he is permitted to receive an evidentiary hearing before the federal court. Williams v. Taylor, 529 U.S. 420, 437, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). If a petitioner could have produced certain evidence with due diligence, but did not do so, the state is entitled to oppose presentation of new evidence in federal court on that ground. Relatedly, a state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition. See 28 U.S.C. § 2254(b)(1)(A); Hawkins v. Mullin, 291 F.3d 658, 668 (10th Cir.2002). A claim has been exhausted when it has been “fairly presented” to the state court. Picard, 404 U.S. at 275, 92 S.Ct. 509. “Fair presentation” means that the substance of the claim must be raised in state court. The allegations and supporting evidence must offer the state courts “a ‘fair opportunity’ to apply controlling legal principles to the facts bearing upon his constitutional claim.” Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (citing Picard, 404 U.S. at 276-77, 92 S.Ct. 509). Thus, although a habeas petitioner will be allowed to present “ ‘bits of evidence’ ” to a federal court that were not presented to the state court that first considered his claim, evidence that places the claims in a significantly different legal posture must first be presented to the state courts. Hawkins, 291 F.3d at 670 (quoting Demurest, 130 F.3d at 932 (further quotations omitted)). These provisions of AEDPA are designed to “give the state courts a full *1295 and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts.” O’Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). In light of these safeguards, we see little risk that habeas petitioners will misapply the majority’s holding to obtain unwarranted de novo review in the federal courts. The dissents’ worry that our holding contradicts the structure of § 2254, Gorsuch diss. at 1307, is without foundation.

3. Arguments based on the decisions of this and other courts

The State points out that another circuit has expressly rejected our approach in Miller and accorded AEDPA deference to a state court’s ineffectiveness determination even when that court had not considered the non-record evidence. Valdez v. Cockrell, 274 F.3d 941, 953-54 (5th Cir.2001).[2] The Supreme Court recently granted certiorari to resolve this split, Bell v. Kelly, — U.S. -, 128 S.Ct. 2108, 171 L.Ed.2d 228 (2008), although it later concluded that the writ had been improvidently granted. Bell v. Kelly, — U.S. -, 129 S.Ct. 393, 172 L.Ed.2d 353 (2008). The State urges us to mend the split by adopting the Fifth Circuit’s position.
We recognize that Valdez explicitly takes issue with our decision in Miller, but pause to note that the Valdez decision is not necessarily in conflict with our holding today. In Valdez, the state court misplaced certain exhibits offered by the petitioner in support of his habeas claim, and the court stated that it had not read the transcripts of the trial in their entirety. No party in the case questioned that the state court had adjudicated the petitioner’s claim “on the merits”; the question before the Fifth Circuit was whether these flaws in the state court process had denied the petitioner a “full and fair hearing.” The Fifth Circuit held that AEDPA does not require that the state accord the petitioner a full and fair hearing as a prerequisite for AEDPA deference. Thus, the Fifth Circuit did not hold that the state court decision was not “on the merits.” Moreover, the Fifth Circuit noted that “the state habeas record below contained sufficient descriptions of the remaining missing exhibits to inform the district court of their probative value,” id. at 957, and the state court judge was apprised of the relevant portions of the trial transcript because they were quoted “at length” in the habeas petition, id. at 960 (Dennis, J., dissenting). Based on the court’s description of the *1296 record in that case, it thus appears that the state court reached the substance of the petitioner’s claims notwithstanding the loss of the exhibits and the failure of the judge to read the entire transcript. It is therefore not clear that Valdez would be resolved differently based on our holding today. To the extent that our reasoning differs from that of the Fifth Circuit, we adhere to our view for the reasons already stated.
The State also argues that, whatever logic our position might have held when we first announced it in Miller, the Supreme Court’s subsequent decision in Schriro v. Landrigan, 550 U.S. 465, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007), somehow overruled it. We do not agree. While Schriro emphasizes the importance of following AEDPA’s deferential standards when reviewing a state court decision, in that case the state court had actually considered the relevant evidence when making its decision. Mr. Landrigan claimed that his trial counsel had failed to investigate mitigating evidence, but the factual dispute in that case concerned whether or not he had instructed his counsel not to investigate such evidence in the first place. The state appellate court reviewed the relevant evidence and found that Mr. Landrigan had indeed informed his counsel not to investigate; the federal court reviewed the same evidence and disagreed. Id. at 469-73, 127 S.Ct. 1933. While “AEDPA ... requires federal habeas courts to presume the correctness of state courts’ factual findings unless applicants rebut this presumption with ‘clear and convincing evidence,’ ” at 473-74, that principle does not necessarily require us to apply the same deference when the state court has failed even to consider the evidence. While Schriro continues to emphasize the importance of deference when deference is due, it does not suggest that such deference is applicable when the state court has failed to consider the full merits of the claim.
The holding we announce today is not new. It reaffirms what has been this circuit’s position for some time. See Bryan v. Mullin, 335 F.3d 1207, 1215-16 (10th Cir.2003) (en banc); Miller 161 F.3d at 1254. Bryan was an en banc decision of this court. The en banc court explicitly held that because the state court record lacked material evidence bearing on the deficiency of counsel’s performance, despite the petitioner’s diligence in putting that evidence before the court, review of the claim would be de novo. 335 F.3d at 1215-16. In reaching that holding, the court acknowledged the contrary decision of the Fifth Circuit in Valdez. Although there was a vigorous dissent as to the result in Bryan, the dissenters joined this part of the Bryan majority, making its holding on this point unanimous. Id. at 1228 (Henry, J., dissenting in part). Nothing has changed in the six years since Bryan to call that unanimous holding into question.
Although the principal dissent tries to characterize Miller and Bryan as faulty applications of pre-AEDPA law, the opinions in both cases state that they were interpreting AEDPA and, for the reasons discussed above, both comport with the language and goals of that statute. Though Miller was decided close in time to the passage of AEDPA, it remains the law of this circuit; the Supreme Court later upheld Miller’s principal holding: that the restrictions in § 2254(e) are inapplicable when the petitioner requested and the state court denied an evidentiary hearing. See Williams, 529 U.S. at 432, 120 S.Ct. 1479 (“Under the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner’s counsel. In this we agree with the Court of Appeals and with all other courts of appeals which have addressed *1297 the issue.” (collecting cases and citing Miller, 161 F.3d at 1253)). In any event, we adopt our holding today based on the language, structure, and purposes of AEDPA; thus, the precedential backdrop of Miller and Bnjan is now beside the point.
B. Is Rule 3.11’s Standard Higher Than the Constitutional Standard?
While the OCCA’s actual Strickland determination is not an adjudication on the merits when Rule 3.11 has barred consideration of material evidence, there is still the possibility that that denial of the evidentiary hearing itself constitutes an adjudication on the merits. The denial of an evidentiary hearing under Rule 3.11, after all, requires the OCCA to consider the non-record evidence that the defendant has proffered. If the standard that Rule 3.11 establishes for granting an evidentiary hearing either replicates or is lower than the constitutional standard, then the OCCA’s denial of an evidentiary hearing would constitute an adjudication on the merits to which the federal courts owe deference.
To succeed on a Strickland claim, the federal standard requires a petitioner “show, by a preponderance of the evidence, that (1) counsel’s performance fell bellow an objective standard of reasonableness, and (2) prejudice, such that there is a reasonable probability that but for counsel’s errors, the outcome of the trial would have been different.” Young v. Sirmons, 486 F.3d 655, 680 (10th Cir.2007). Rule 3.11, in contrast, grants an evidentiary hearing if the defendant shows “by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence.” Thus Rule 3.11’s standard poses a lower substantive standard (the defendant need show only a “strong possibility” of ineffectiveness) but a higher evidentiary standard (the evidence must be “clear and convincing” rather than simply a “preponderance”). “Although the interplay of these two standards — one more demanding, one less demanding than the federal — is not clear, we cannot conclude that when the state court denies an evidentiary hearing under Rule 3.11 it has necessarily decided that the federal standard was not satisfied.” Wilson, 536 F.3d at 1081.
Evidentiary burdens are hardly meaningless and could easily be decisive in determining whether a defendant receives an evidentiary hearing. Suppose a defendant alleges that his lawyer failed to investigate an avenue of defense suggested by the defendants. If true, that would entitle him to habeas relief. But further suppose the lawyer denies that this defendant had made any such suggestion, and that the evidence as to who is telling the truth is merely in equipoise. In such a case, the proffered evidence could very well suggest that the lawyer’s performance had indeed been deficient, but it might do so only by a preponderance. While such evidence would entitle the defendant to an evidentiary hearing under the federal standard, it would not meet the “clear and convincing” threshold that Rule 3.11 prescribes. Evidentiary burdens are not independent from substantive standards; the two interact. When that interaction could result in the denial of a hearing under the state standard, even though the federal standard would have granted a hearing in the very same case, we cannot say that the state court necessarily determined that the federal standard could not be met.
The State has tried to dispute that Rule 3.11’s “clear and convincing” standard actually creates a higher evidentiary burden, arguing that “the ‘clear and convincing’ component of the Rule 3.11 standard is reasonably read as being akin to the general burden of proof required to prove up factual contentions in state capital post- *1298 conviction proceedings.” Aple. 35. It argues that “clear and convincing” simply goes to the quality of the evidence, requiring more than “speculation, second guesses or innuendo,” Jones v. State, 201 P.3d 869, 890 (Okla.Crim.App.2009), and does not go to the weight of that evidence. In other words, despite the “clear and convincing” standard’s long history as an intermediate burden of proof somewhere between “preponderance of the evidence” and “beyond a reasonable doubt,” see Addington v. Texas, 441 U.S. 418, 424-25, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979) (discussing the prevalence of this “intermediate standard”), as Rule 3.11 uses it “clear and convincing” is no more burdensome than the simple preponderance standard used by the federal courts.
We see no reason to think that the “clear and convincing” standard operates any differently in the Rule 3.11 context than anywhere else in the law. The OCCA has acknowledged the difference between “clear and convincing” and a mere preponderance outside of the Rule 3.11 context, see, e.g. Horn v. State, 204 P.3d 777, 786 n. 3 (Okla.Crim.App.2009) (distinguishing between an Oklahoma evidentiary rule, which requires sexual propensity evidence be established. by “clear and convincing evidence” before it can be admitted, and the federal rule, which requires only a preponderance of the evidence), as has the Supreme Court, see Cooper v. Oklahoma, 517 U.S. 348, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996) (finding Oklahoma statute that required defendant to prove incompetence by “clear and convincing” rather than a “more likely than not” preponderance standard was too demanding and therefore unconstitutional). In fact, the standard is often required by due process in cases where “the individual interests at stake ... are both particularly important and more substantial than mere loss of money.” Id. (quotations omitted); see, e.g. Santosky v. Kramer, 455 U.S. 745, 756, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (termination of parental rights); Addington, 441 U.S. at 427, 99 S.Ct. 1804 (involuntary civil commitment); Woodby v. INS, 385 U.S. 276, 286, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966) (deportation); Gonzales v. Landon, 350 U.S. 920, 76 S.Ct. 210, 100 L.Ed. 806 (1955) (expatriation); Schneiderman v. United States, 320 U.S. 118, 123, 63 S.Ct. 1333, 87 L.Ed. 1796 (1943) (denaturalization); United States v. Maxwell Land-Grant Co., 121 U.S. 325, 381, 7 S.Ct. 1015, 30 L.Ed. 949 (1887) (land grant). AEDPA itself imposes a “clear and convincing” standard for certain evidentiary claims, 28 U.S.C. § 2254(e)(1). This shows that the two standards are different, and meaningfully so.
To verify that the Oklahoma standard is more difficult to satisfy, one need only look to empirical evidence where the state and federal courts have resolved identical requests for an evidentiary hearing. See Bryan v. Mullin, 335 F.3d 1207, 1215; Mayes v. Gibson, 210 F.3d 1284, 1289 (10th Cir.2000); Miller, 161 F.3d at 1253-54, 1259; see also (Kevin) Young v. Sirmons, 486 F.3d 655, 679 (10th Cir.2007). In each of these cases, the OCCA denied a request for an evidentiary hearing. When the federal court heard the identical request under the federal standard, the federal court granted a hearing. The Rule 3.11 standard is contrary to the federal one.
The State has pointed to no case in which the OCCA has equated the “clear and convincing” standard of Rule 3.11 with the preponderance standard of Strickland. To .be sure, the OCCA has sometimes rejected evidentiary hearings on the ground that the evidence presented is mere “speculation.” See, e.g., Jones, 201 P.3d at 890. But this does not mean that Rule 3.11’s evidentiary burden will automatically be met so long as the evidence is more than *1299 speculative. “[A]dopting a standard of proof is more than an empty semantic exercise,” Addington, 441 U.S. at 425, 99 S.Ct. 1804 (quotations omitted), and we will not take the State’s habeas counsel’s word for it that an evidentiary standard as well-established as “clear and convincing” stands for a burden far less demanding here than it does anywhere else in the law.
Judge Gorsuch’s dissent suggests that we certify this question to the Oklahoma court, but we cannot accept that suggestion. Even aside from the fact that no party has suggested that we certify,[3] we do not consider it appropriate in these circumstances. Federal courts may ask a state court to explain the meaning of a state law for the purpose of deciding a case in which we are required to apply that law. See, e.g., Pino v. United States, 507 F.3d 1233 (10th Cir.2007) (explaining the purposes of certification). The question in this case, however, is not how we should interpret and apply the “clear and convincing” standard (which we would never have occasion to do) but what past decisions of the OCCA meant when they employed that standard. That is not what certification is for.
Because Rule 3.11 creates a higher evidentiary burden than the federal standard, we cannot say that the OCCA’s failure to grant an evidentiary hearing under this standard necessarily constitutes a determination that the defendant could not satisfy the federal standard.
C. Application to Mr. Wilson and Mr. Wackerly
Having identified when AEDPA deference is warranted and when it is not, it remains to be seen how these principles apply to the specific cases of Mr. Wilson and Mr. Wackerly. The crucial question for both is whether the state court considered the non-record evidence when it rendered its decision.
On direct appeal of his conviction and sentence to the OCCA, Mr. Wilson filed an application for an evidentiary hearing under Rule 3.11, seeking admission into the record of the affidavits he produced in support of his ineffective assistance of counsel claim. The State relied on the Rule to oppose supplementing the record. The State explained in its brief that “the information contained with the affidavits ... are [sic] not being referred to in this brief as such affidavits are not part of the record on appeal.” Wilson, 536 F.3d at 1081 (citing Brief of Respondent-Appellee at 70 n.40, Wilson v. State, 983 P.2d 448 (Okla.Crim.App.1998)). The OCCA ultimately agreed with the State. It rejected Mr. Wilson’s ineffective assistance claim based on its “review of the trial record,” Wilson, 983 P.2d at 472, and in a footnote denied Mr. Wilson’s Rule 3.11 application to supplement the record, without comment. Id. at 472 n. 8. Unless the court says otherwise, we presume the OCCA followed its own rule and made its ineffectiveness determination solely upon the record evidence. See Dewberry, 954 P.2d at 776 (“The record on appeal must remain as only that which has been presented through the trial court.”) (emphasis added). In contrast with other OCCA decisions, e.g. Welch, 2 P.3d at 376-77; Bland, 4 P.3d at 732-34, the court made no reference to the substance of the non-record evidence in the course of its explanation for rejecting the motion for an evidentiary hearing. Counsel for the State conceded at oral argument before the panel that the affidavits were not part of the OCCA’s Strickland determination. Id. The panel therefore found that “[t]he entirety of the OCCA’s analysis of the Strickland issue *1300 was based on the court’s review of the trial record.” Id.
Before this en banc court, and despite its earlier concessions, the State for the first time contends that the OCCA did in fact refer to and consider the non-record evidence when it denied Mr. Wilson’s Strickland claim. Although the OCCA’s analysis of the claim was expressly based on “[a] review of the trial record,” Wilson, 983 P.2d at 472, and the court made no reference to the proffered non-record evidence, the State points to these lines in the OCCA opinion:
The mere fact more evidence could have been presented is not, in itself, sufficient to show counsel was deficient. Reynold’s [sic] testimony was credible and well developed. We find [Mr. Wilson] has failed to carry his burden to show either deficient performance by counsel, or prejudice from the omission of this specific evidence.
Id. (citations omitted). The State asks us to conclude that the words “specific evidence” in the final line were a reference to Mr. Wilson’s proffered non-record evidence rather than to his general claim that more evidence should have been introduced. We regard this as less than obvious, especially in light of the State’s contrary position both in state court and in oral argument before the panel. But in any event, in the current posture of this case we will not entertain the State’s newly minted interpretation of the OCCA opinion. We granted en banc on the limited issue of how Rule 3.11 affects our standard of review on habeas. The State did not request and we did not grant review on the additional issue of whether the OCCA did, despite the proscriptions of Rule 3.11 and the State’s characterization of the issues up until this point, consider the non-record evidence when it made its Strickland determination. We will not disturb the panel’s ruling on this point.
The OCCA was more explicit in its use of Rule 3.11 when deciding Mr. Wackerly’s claim. It cited the rule and then found that, while Mr. Wackerly had shown the court that “trial counsel could perhaps have accessed other information in preparing for trial,” he “has not shown by clear and convincing evidence a strong possibility that defense counsel was ineffective for failing to utilize or identify the complained-of evidence.” Wackerly, 12 P.3d at 14. It then declined his application for an evidentiary hearing. Id. This is an explicit application of the Rule 3.11 standard which, as discussed above, does not replicate the federal standard and therefore does not constitute an adjudication on the merits as to whether Mr. Wackerly’s non-record evidence could support his Strickland claim. A federal court therefore does not owe deference to the OCCA’s rejection of Mr. Wackerly’s ineffectiveness claim. We offer no opinion as to whether Mr. Wackerly’s evidence does indeed support such a claim; that is an issue for the panel to resolve.
III. CONCLUSION
When the OCCA, pursuant to Rule 3.11, refuses to grant an evidentiary hearing to consider material, non-record evidence of ineffective assistance of counsel that the defendant has diligently sought to develop, and then rules on the ineffectiveness claim without consideration of this evidence, the OCCA’s denial of the claim is not an adjudication on the merits to which the federal courts owe AEDPA deference. We therefore REINSTATE the panel decision in Wilson v. Sirmons and we REMAND Mr. Wackerly’s case to the panel for consideration in a manner consistent with this decision.

. This does not mean, as a dissent suggests (Tymkovich Diss., at 1315), that the addition of any "new evidence” necessarily makes the petitioner’s case a "new claim,” any more than that a slight change in legal theory does. As the Supreme Court has explained, "Obviously there are instances in which 'the ultimate question for disposition' will be the same despite variations in the legal theory or factual allegations urged in its support.” Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (quoting United States ex rel. Kemp v. Pate, 359 F.2d 749, 751 (7th Cir.1966)) (emphasis added). The question is a practical one, here as in other contexts where it matters whether a particular "claim” has been adjudicated: was “the substance of [the] federal habeas corpus claim ... presented to the state courts”? Id. at 278, 92 S.Ct. 509. See Demarest v. Price, 130 F.3d 922, 938-39 (10th Cir.1997).

. The State also cites Matheney v. Anderson, 377 F.3d 740, 747 (7th Cir.2004) as evidence that the Seventh Circuit has joined the other side of this circuit split. Aple. 50, 51. In doing so, the State reads Matheney too broadly. First of all, Matheney was a strange case with a complicated procedural posture in which the court had erroneously ordered a federal evidentiary hearing in an earlier iteration. Second, it was not a case where the state court had failed to consider material non-record evidence; it was a case where there were dueling evidentiary hearings, one from the state court and one from the district court. The Seventh Circuit held that " § 2254(d) is applicable even though the district judge held an evidentiary hearing,” noting that although “[t]he evidence obtained in such a hearing is quite likely to bear on the reasonableness of the state courts’ adjudication ... [there is no reason] why it should alter the standard of federal review.” Id. (quotations omitted). Thus, Matheney seems to say only that the existence of an independent federal evidentiary hearing does not in itself necessitate de novo review of the state court’s conclusions. It does not speak to the situation where the state court failed to fully consider the material evidence. Similarly, the Second Circuit case of Wilson v. Mazzuca, 570 F.3d 490, 499-500 (2d Cir.2009), cited by the dissent, does not consider whether or not the state court made an adjudication on the merits, but instead asks how new evidence brought at habeas should affect the federal court's evaluation of the state court's decision given that there was an adjudication on the merits.

. When asked during oral argument if we should certify, counsel for the state responded that we "can,” but "I don't think you need to.”