*1157 McCONNELL, Circuit Judge,
concurring:
I join the majority opinion in full, and write separately only to emphasize the unusual procedural posture surrounding Mr. Fairchild’s ineffectiveness claim, and in particular its relation to this court’s en banc decision in Wilson v. Workman, 577 F.3d 1284 (10th Cir.2009) (en banc).
At the state post-conviction proceeding, Mr. Fairchild presented the OCCA with a number of affidavits in an attempt to show that he might have brain damage, thus suggesting that his trial counsel was ineffective in not investigating his medical history and presenting it as mitigating evidence. Although this evidence was excluded from the record under Oklahoma Rule 3.11 and therefore was not before the OCCA, the OCCA nonetheless considered the evidence and, in a detailed discussion, held that even if the evidence was a part of the record, it would not demonstrate ineffective assistance of counsel. Because the state court considered Mr. Fairchild’s proffered evidence and ruled that it would not satisfy the Strickland standard, its ruling constituted an adjudication on the merits of that claim. Cf. Wilson, 577 F.3d at 1300-01, 2009 WL 2623336, slip op. [14-15].
The OCCA’s decision in this case was a reasonable and almost certainly a correct conclusion based on the proffered evidence. At that stage, the petitioner had offered no evidence, but only speculation, regarding whether counsel had actually failed to investigate his medical history; moreover, he had offered no evidence that his mental health problems were a product of organic brain damage, other than the fact that he had engaged in boxing and had been injured. At that stage, therefore, the petitioner had not “show[n], by a preponderance of the evidence, that (1) counsel’s performance fell bellow an objective standard of reasonableness, and (2) prejudice, such that there is a reasonable probability that but for counsel’s errors, the outcome of the trial would have been different.” Young v. Sirmons, 486 F.3d 655, 680 (10th Cir.2007).
Mr. Fairchild then took his case to federal court. This time, his habeas petition included two new affidavits: one from Dr. John Smith, the doctor whom trial counsel had retained to testify at trial, and one from Dr. Barry Crown, a psychologist who later examined Mr. Fairchild. Dr. Smith avers that he presented trial counsel with a report indicating that Mr. Fairchild suffered from a severe organic brain syndrome, but that trial counsel never discussed these findings with him. In fact, Dr. Smith states that he had very little discussion with trial counsel before his testimony, despite being the defense medical expert. Dr. Crown’s affidavit confirms that Mr. Fairchild indeed has organic brain damage and opines that this would have been apparent from standard testing. These two affidavits thus plug the very gaps in the petitioner’s evidence that made the OCCA decision reasonable: we now know that trial counsel had reason to suspect brain damage but neglected to- investigate, and that if counsel had investigated he would have uncovered evidence highly relevant to mitigation. These facts, if established, might well support a claim of ineffective assistance under Strickland.
The problem is that Mr. Fairchild did not present these affidavits to the state court.- . He produced them for the first time at federal habeas proceeding. We thus have the very situation that- the dissenters in Wilson had feared: that a prisoner might receive de novo review from the federal courts simply by withholding crucial evidence until habeas. This case, however, shows why those fears are groundless.
*1158 First, in the ordinary case, counsel for the State would have challenged the petitioner’s right to an evidentiary hearing in federal court on the ground that the petitioner had not exercised due diligence in presenting the factual basis for his claim of ineffective assistance of counsel in state court. There is no reason apparent from the record why Mr. Fairchild’s state habeas counsel could not have produced the Smith and Crown affidavits as easily as federal habeas counsel did. 28 U.S.C. § 2254(e)(2) provides:
If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
(A) the claim relies on—
(i) a new rule of constitutional law, made retroactively applicable to cases on collateral review by the Supreme Court, that was previously unavailable, or
(ii) a factual predicate that could not have been discovered through the exercise of due diligence; and
(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.
In (Michael) Williams v. Taylor, 529 U.S. 420, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000), the Supreme Court held that § 2254(e)(2) does not bar a federal evidentiary hearing where the petitioner’s neglect or lack of diligence was not responsible for the failure to develop the record. But where the petitioner is not “diligent in developing the record,” thus “himself ... contributing to the absence of a full and fair adjudication in state court,” the Supreme Court made clear that “ § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute’s other stringent requirements are met.” Id. at 437, 120 S.Ct. 1479.
In this case, however, counsel for the State has not defended the district court’s denial of an evidentiary hearing on the basis of Mr. Fairchild’s lack of diligence. This court therefore assumes, without deciding, and frankly in the teeth of the record, that Mr. Fairchild was diligent. It is only because of the State’s failure to raise the diligence issue, therefore, that we are forced to consider the merits of his claim. In the vast majority of cases, it is safe to assume that the habeas petitioner’s lack of diligence will not go unnoticed, and thus the Wilson dissenters’ fears will be alleviated at the outset.
Second, as today’s decision indicates, the requirement that habeas petitioners exhaust their claims in state court presents a second safeguard against the sort of “sandbagging” the Wilson dissenters fear. Even if they get past the diligence requirement, petitioners cannot receive de novo review in federal court when they failed to present the substance of that claim first to the state court. Either their claim will be procedurally barred or they will have to take it back to the state court, where all the ordinary procedural requirements will be applicable.
The effect is to protect AEDPA’s structure of comity and federalism. The diligence requirement gives the petitioner the incentive to present all his best evidence to the state court at the appropriate time, for one determination. The exhaustion requirement ensures that the state court gets the first crack at the case. Only when the state court fails to address the merits of the claim or renders a decision that is “contrary to, or involved an unreasonable application of, clearly established Federal law” or “based on an unreasonable *1159 determination of the facts in light of the evidence presented in the State court proceeding,” 28 U.S.C. § 2254(d), will the petitioner receive de novo in federal court.