GORSUCH, Circuit Judge,
concurring.
The court convincingly explains why, even viewed de novo, the evidence that emerged during the district court’s eviden *1311 tiary hearing doesn’t help Mr. Wilson’s cause. I write only to add that the hearing wasn’t necessary in the first place.
That, of course, was what the district court thought from the start. When the case originally came to it, the district court held that the OCCA’s ruling on Mr. Wilson’s state court Rule 3.11 motion amounted to an adjudication on the merits of his Sixth Amendment claim, applied AEDPA deference, and held the OCCA’s decision neither an unreasonable adjudication of federal law nor based on an unreasonable determination of the facts. See Wilson v. Sirmons, No. 00-CV147CVEFHM, 2006 WL 2289777, at *41-43 (N.D.Okla. Aug. 8, 2006).
Then things took a turn. Years of wrangling on appeal intervened and.at the end of it all this court reversed, instructing the district court to hold an evidentiary hearing and conduct a de novo review of Mr. Wilson’s claim. This court reasoned that the OCCA’s Rule 3.11 decision failed to constitute an “adjudication on the merits” of Mr. Wilson’s Sixth Amendment claim so the district court could afford it no deference. Wilson v. Workman, 577 F.3d 1284, 1290-93, 1299-1300 (10th Cir. 2009) (en banc). On remand, the district court proceeded to do as instructed, and did the job thoroughly and well. But this whole process has turned out to be as needless as it was protracted. As our recent decision in Lott v. Trammell, 705 F.3d 1167, 1211-13 (10th Cir.2013), explains, Wilson no longer controls: intervening events have undone the essential premises on which it rested.
Rule 3.11 requires the OCCA to decide whether a petitioner has shown a “strong possibility” his counsel was constitutionally ineffective. From this it seems plain enough that an adjudication of a Rule 3.11 motion necessarily adjudicates a Strickland claim on the merits entitled to deference under 28 U.S.C. § 2254(d). If anything, Oklahoma’s standard appears less demanding than Strickland, requiring the petitioner to show only a strong possibility of a constitutional violation, not an actual constitutional violation. That, of course, is exactly what the district court held.
Wilson, however, decided otherwise. It ruled that the OCCA’s Rule 3.11 decisions don’t constitute “adjudications on the merits” of Strickland claims entitled to deference under AEDPA. They don’t, Wilson said, because' — as a matter of state law— the OCCA doesn’t have to consider evidence outside the trial and direct appeal record developed collaterally by the. petitioner. Put simply, this court held that a ruling on such an “incomplete record” is not “an adjudication on the merits to which we owe any deference.” Wilson, 577 F.3d at 1291.
Since then, however, the OCCA has explained that Wilson was mistaken in its understanding of Oklahoma law. In fact, Rule 3.11 “obligates” the OCCA in every case to “thoroughly review and consider a defendant’s Rule 3.11 application and affidavits along with other attached non-record evidence.”, Lott, 705 F.3d at 1213 (alterations omitted) (quoting Simpson v. State, 230 P.3d 888, 905 (Okla.Crim.App. 2010)). Thus, the essential premise on which Wilson stood has now evaporated. It turns out the OCCA does review all of a petitioner’s evidence, even evidence outside the trial and direct appeal record. Neither may we ignore the OCCA’s interpretation of its own rule. After all, state courts, not we, have the final say when it comes to explaining the meaning of state law. See Lott, 705 F.3d at 1213.
Of course, while the petitioner in a state Rule 3.11 motion enjoys a lower standard of proof than in a federal Strickland claim, he also faces what appears to be a higher evidentiary burden. See Wilson, 577 F.3d at 1297. To win a Rule 3.11 motion in *1312 state court, a petitioner must present “clear and convincing” evidence of a “strong possibility” of a Sixth Amendment violation: meanwhile, to win a Strickland claim in federal court a petitioner must show an actual Sixth Amendment violation under a preponderance of the evidence standard. Despite this difference in language, the State of Oklahoma argued in Wilson that, as a matter of state law, Rule 3.11’s “clear and convincing” evidentiary standard is really no more demanding than the federal “preponderance of the evidence” standard. In support of its view, the State pointed to state case law indicating that a Rule 3.11 petitioner’s evidentiary burden is modest, requiring only the presentation of persuasive evidence, as opposed to “speculation, second guesses, or innuendo.” Id. at 1298 (quoting Jones v. State, 201 P.3d 869, 890 (Okla.Crim.App. 2009)); see also id. at 1306 (Tymkovich, J., dissenting) (offering this same interpretation of state law). The Wilson court, however, rejected this interpretation of state law. It read Rule 3.11 as imposing a more onerous evidentiary duty on litigants in state court than they would face in federal court and proceeded to question whether, in this light, a Rule 3.11 ruling could qualify as an adjudication on the merits of a Strickland claim entitled to AEDPA deference. Id. at 1298-99.
Once again, however, the OCCA has since intervened. And once again it has assured us that its evidentiary standard is “intended to be less demanding than the test imposed by Strickland.” Lott, 705 F.3d at 1213 (quoting Simpson, 230 P.3d at 906) (emphasis added). It has clarified that “when [it] review[s] and den[ies] a request for an evidentiary hearing on a claim of ineffective assistance under the standard set forth in Rule 3.11, [it] necessarily make[s] the adjudication that Appellant has not shown defense counsel to be ineffective under the more rigorous federal standard set forth in Strickland.” Id. (alterations in original) (quoting Simpson, 230 P.3d at 906). And, once again, the OCCA’s views of state law are controlling. Even if its interpretation doesn’t seem obvious to us, a state court is free to interpret its evidentiary rules as it wishes and free to interpret a state “clear and convincing” standard as requiring no more proof than the federal “preponderance of the evidence” standard. Certainly the State of Oklahoma in Wilson understood Rule 3.11’s evidentiary standard to require no more and after the OCCA’s ruling in Simpson that understanding seems to stand confirmed. As Lott has recognized, we must now accept “as a matter of federal law” that a Rule 3.11 ruling “operates as an adjudication on the merits of the Strickland claim and is therefore entitled to deference under § 2254(d)(1).” Id.
Of course, if the OCCA should later rule in a way that suggests it is using a higher evidentiary standard than Strickland employs we would have renewed questions. In those circumstances, it seems to me the use of a higher evidentiary standard than federal law prescribes could very well render the OCCA’s adjudication of a particular federal claim unreasonable — and so reversible — under § 2254(d)(1). But while the OCCA’s choice of a different but conventional rule of evidence than federal courts use when ruling on a federal claim might expose it to a greater chance of reversal when the case comes to federal court, it is less clear to me whether that might render the state court’s final decision on the claim something entirely alien, something other than an adjudication on the merits of the claim entitled to deference in the first instance.
Happily, though, none of these potential problems appears to be live ones today. For now, the essential state law premises on which Wilson rested no longer appear operative, having been superseded by the *1313 OCCA’s definitive exposition of the meaning of its own rule. Accordingly and as Lott has held, we owe AEDPA deference to the OCCA’s adjudication of Rule 3.11 motions. Seven years ago the district court concluded as much and explained in great detail why the OCCA’s decision in this particular case did not offend § 2254(d). See Wilson, 2006 WL 2289777, at *41-43. The many years and rounds of additional process between there and here only serve to that court’s prescience.