**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HENRY SANCHEZ,

        Petitioner - Appellant,

v.

STATE OF WYOMING,

        Respondent - Appellee.

No. 13-8077
(D.C. No. 2:12-CV-00182-SWS)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

Henry Sanchez seeks a certificate of appealability ("COA") to appeal the

district court's denial of his habeas application filed under 28 U.S.C. § 2254.  He

argues that his convictions are attributable to his trial counsel's ineffective

assistance.  The district court thoroughly addressed his contentions, appropriately

applying the deferential standard of review under § 2254(d), and concluded that

Mr. Sanchez did not meet the requirements for habeas relief.  We deny a COA and

dismiss this appeal.

---

[*]    This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Sanchez is entitled to a COA only if he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And he can do that only by showing that reasonable jurists could debate (or agree on) a different resolution of the habeas petition or the merit of further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although Mr. Sanchez recites the *Slack* standard of review in his application for a COA, he fails to apply it to the district court's analysis.

The district court reviewed Mr. Sanchez's ineffective assistance claim under § 2254(d), which permitted the court to grant him habeas relief only if the state court's adjudication of his claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Mr. Sanchez asserts that the district court should have reviewed his ineffective assistance claim de novo because the Wyoming Supreme Court did not adjudicate his claim "on the merits," as required by § 2254(d). But that section applies even if the state court summarily denies a claim. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1402 (2011). And here the Wyoming Supreme Court went further and addressed Mr. Sanchez's allegations of ineffective assistance. It held that he did not show that his counsel's performance was deficient, or that he failed to demonstrate any resulting prejudice to his defense, or both. *See Sanchez v.*

*Wyoming*, 253 P.3d 136, 147-49 (Wyo. 2011); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984) (setting forth two-prong test for ineffective assistance claim requiring prisoner to show deficient performance and prejudice).

Mr. Sanchez nonetheless maintains that the Wyoming Supreme Court's refusal to grant him an evidentiary hearing precluded that court from adjudicating his ineffective assistance claim on its *full* merits. But a state court does not fail to reach the merits every time it denies a motion for an evidentiary hearing. *See Wilson v. Workman*, 577 F.3d 1284, 1292 (10th Cir. 2009) (en banc), *abrogated on other grounds as explained in Lott v. Trammell*, 705 F.3d 1167, 1212-13 (10th Cir. 2013). Rather, a state court adjudicates a claim "on the merits" when it denies a motion for an evidentiary hearing after analyzing the proffered evidence against the *Strickland* standard and concluding it would not entitle the prisoner to habeas relief. *See id.* Here, in the context of explaining its denial of Mr. Sanchez's motion for an evidentiary hearing, the Wyoming Supreme Court addressed his new evidence. But it concluded that he did not satisfy the *Strickland* standard, particularly due to his failure to identify any prejudice resulting from counsel's allegedly deficient assistance. *See Sanchez*, 253 P.3d at 148-49.

Finally, Mr. Sanchez asserts that the district court erred in denying his application for habeas relief even under the deferential standard of review in § 2254(d). The district court held that the Wyoming Supreme Court's decision denying his ineffective assistance claim was not based on an unreasonable factual

determination, nor was it contrary to or an unreasonable application of clearly established law set forth in *Strickland*. We agree with the district court's analysis of Mr. Sanchez's contentions. Moreover, the court appropriately limited its review to the record that was before the Wyoming Supreme Court. *See Pinholster*, 131 S. Ct. at 1398. And having found that § 2254(d) barred a grant of habeas relief, the district court also did not err in denying Mr. Sanchez an evidentiary hearing under § 2254(e)(2). *See Pinholster*, 131 S. Ct. at 1400-01 & n.7 (holding "that evidence later introduced in federal court is irrelevant to § 2254(d)(1) review," and noting § 2254(d)(2) expressly provides for review "in light of the evidence presented in the State court proceeding" (internal quotation marks omitted)).

Because Mr. Sanchez has not demonstrated that reasonable jurists could debate the correctness of the district court's denial of his habeas claim, we deny his application for a COA and dismiss the appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 4 -