**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT WAYNE ROBINSON,

     Petitioner - Appellant,

v.

JOHN DAVIS, Warden, and
JOHN W. SUTHERS, the Attorney
General of the State of Colorado,

     Respondents - Appellees.

No. 11-1525
(D.C. No. 1:10-CV-02692-REB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **O'BRIEN** and **MATHESON**, Circuit Judges.

---

Robert Wayne Robinson, acting pro se, seeks a certificate of appealability

("COA") to allow him to appeal the denial of his 28 U.S.C. § 2254 application for federal

habeas relief. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal the denial of a

§ 2254 application). He also requests leave to proceed *in forma pauperis* ("*ifp*") and

moves for a change of venue. We exercise jurisdiction under 28 U.S.C. §§ 1291,

---

     *This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2253(a), deny the application for a COA, and dismiss this matter.

## I. BACKGROUND

In 2004, Mr. Robinson was convicted by a state court jury of aggravated robbery, criminal mischief, menacing, third-degree assault, and resisting arrest. Mr. Robinson had been apprehended after robbing a fine jewelry store. At the time of arrest, he had $136 in cash, $18,000 worth of diamond jewelry, and a toy gun wrapped in black electrical tape. Following his jury conviction, Mr. Robinson was convicted by the state trial court of three habitual criminal counts. He was sentenced to 64 years of imprisonment.

The Colorado Court of Appeals affirmed the convictions and sentence. Mr. Robinson's petition for certiorari review to the Colorado Supreme Court was denied.

Mr. Robinson then filed a motion for post-conviction relief in state court, which the trial court denied. The Colorado Court of Appeals affirmed, and the Colorado Supreme Court again denied review.

Mr. Robinson filed an amended application for a writ of habeas corpus with the United States District Court for the District of Colorado on December 28, 2010. The court considered ten claims submitted by Mr. Robinson (emphases added to those claims that the district court held were procedurally barred):

1. He was denied reasonable access to adequate law library facilities and, therefore, was unable to participate meaningfully in his defense or to represent himself.

2. The state district court's finding of habitual criminality denied him the Sixth Amendment right to a trial by jury.

-2-

3. Trial counsel was ineffective, and the court erred in not giving him a proper advisement regarding his right to testify at trial or at the habitual criminal proceeding.

4. *It was error to deny his requests to represent himself when conflicts arose with appointed counsel.*

5. *He should have been permitted to present his plea of not guilty by reason of insanity.*

6. The Colorado trial and appellate courts erred in rejecting his claims regarding racial discrimination.

7. *Defense counsel was ineffective in not discovering malicious prosecution and prosecutorial misconduct in the charging process.*

8. He was denied his constitutional right to counsel at his first appearance before a judicial officer.

9. His counsel was ineffective because he conspired with the prosecutor to withhold exculpatory evidence and to assist law enforcement witnesses in committing perjury. [*The district court held that "[t]o the extent [Mr. Robinson] bases this claim on allegations that the evidence was withheld regarding the use of psychologists to conduct competency and sanity evaluations when state law required psychiatrists to conduct such examinations, that portion of claim nine is not exhausted."* Order to Dismiss in Part and For Answer, Jun. 17, 2011 at 10.]

10. *His right to confront his accusers was violated because evidence was admitted from witnesses who were unavailable to testify.*

*Robinson v. Davis*, No. 10-cv-02692-REB, 2011 WL 5295201, *1-2 (D. Colo. 2011).

The district court dismissed claims four, five, seven, ten and part of nine as procedurally barred. *Id.* at *2; Order to Dismiss in Part and For Answer, Jun. 17, 2011 at 13. The

district court addressed the remaining claims on the merits and denied the 28 U.S.C. § 2254 petition, dismissed the case with prejudice, and denied COA. *Robinson*, 2011 WL 5295201 at *2, 14.

## II. DISCUSSION

We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Mr. Robinson must show that the district court's resolution of any constitutional claims was either "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a district court dismisses a 28 U.S.C. § 2254 application on procedural grounds without reaching the underlying constitutional claim, the applicant must show at least that it is debatable whether there is "a valid claim of the denial of a constitutional right and that . . . it [is] debatable whether the district court was correct in its procedural ruling." *Id.*

In determining whether the COA applicant has made the required showing, we must account for the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). It provides that if a state court adjudicated the merits of a claim, a federal court cannot grant habeas relief unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[,]" 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). "Therefore, for those of [Mr. Robinson's] claims

-4-

that were adjudicated on the merits in state court, AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of his request for COA." *Charlton v. Franklin*, 503 F.3d 1112, 1115 (10th Cir. 2007) (quotations omitted).

The district court addressed claims one, two, three, six, eight, and part of nine on the merits "under AEDPA's deferential standard of review" and dismissed the remaining claims as procedurally barred. *Robinson*, 2011 WL 5295201 at *2. We address each set of these claims in turn.

### A. *Claims the District Court Addressed on the Merits*

The district court prepared a thorough and well-reasoned order examining the merits of Mr. Robinson's claims that were not procedurally barred. *See id*. In his brief to this court, Mr. Robinson does not explain why he challenges the reasoning of the district court with respect to each individual claim that was addressed on the merits. Instead, he makes several conclusory statements and attempts to "incorporate[] by reference the arguments in his U.S. District Court[] habeas corpus filings." Aplt. Br. at 15-16.

Although we construe Mr. Robinson's pro se filings liberally, "this rule of liberal construction stops . . . at the point at which we begin to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). It is not sufficient for a COA applicant, even one proceeding pro se, to incorporate filings before the district court rather than explaining the specific basis for his appeal. *See Wardell v. Duncan*, 470 F.3d 954, 963-64 (10th Cir. 2006) (holding that a pro se appellant could not incorporate pleadings into his appellate brief rather than explaining his arguments—his "pro se status

-5-

does not except him from such established rules"); *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623-24 (10th Cir. 1998) (explaining that it is not "acceptable argument" for parties "to adopt the materials they filed in the district court rather than setting forth in their appellate brief their quarrel with the district court's reasoning"); *Am. Airlines v. Christensen*, 967 F.2d 410, 415 n.8 (10th Cir. 1992) (citing Fed. R. App. P. 28(a)(4)) ("It is insufficient merely to state in one's brief that one is appealing an adverse ruling below without advancing reasoned argument as to the grounds for the appeal."). [1]

Because Mr. Robinson has failed to explain to this court why the district court's resolution of the claims it addressed on the merits was faulty, he has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA based on these claims. 28 U.S.C. § 2253(c)(2).

**B. *Claims the District Court Dismissed as Procedurally Barred***

The district court found that Mr. Robinson had failed to exhaust the remainder of his claims in state court. *Robinson*, 2011 WL 5295201 at *2; Order to Dismiss in Part and For Answer, Jun. 17, 2011 at 11.

This court generally may not review a claim for federal habeas relief unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "A claim has been exhausted when it has been 'fairly presented' to the

---

[1]Under 10th Cir. R. 28.4, "[i]ncorporating by reference *portions* of lower court or agency briefs or pleadings is disapproved . . . ." (Emphasis added.) As explained in the cited cases, where the proposed incorporation is as all-encompassing as Mr. Robinson attempts here, that practice is forbidden.

state court." *Wilson v. Workman*, 577 F.3d 1284, 1294 (10th Cir. 2009). "Fair presentation means that the substance of the claim must be raised in state court. The allegations and supporting evidence must offer the state courts a fair opportunity to apply controlling legal principles to the facts bearing upon [the] constitutional claim." *Id.* (quotations omitted).

However, even if a claim has not been fairly presented in state court, it will be "considered exhausted and procedurally defaulted for purposes of federal habeas relief" if there is an anticipatory procedural bar. *Cannon v. Gibson*, 259 F.3d 1253, 1266 n.11 (10th Cir. 2001); *see also Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006) ("In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability. Thus, if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted . . . ." (citation omitted)). An "[a]nticipatory procedural bar occurs when the federal courts apply [a] procedural bar to . . . [a] claim [not fairly presented to the state court] that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Anderson v. Sirmons*, 476 F.3d 1131, 1140 n.7 (10th Cir. 2007) (quotations omitted).

Mr. Robinson has not challenged the district court's finding that if he tried to bring his claims now in state court they would be defaulted on an independent and adequate state procedural ground. *See* Colo. R. Crim. P. 35(c)(3)(VI)-(VII) (explaining that claims

"raised and resolved" or "that could have been presented" in a prior appeal or post-conviction proceeding will generally be denied). Mr. Robinson therefore faces an "anticipatory procedural bar" of the claims that the district court found were not fairly presented in state court. Those claims are thus considered exhausted and procedurally defaulted for purposes of habeas review.

To overcome this procedural bar to habeas review, Mr. Robinson must show either "cause and prejudice or a fundamental miscarriage of justice." *Anderson*, 476 F.3d at 1140. To show cause, a petitioner must demonstrate that "some objective factor external to the defense impeded [his] efforts to comply" with state law. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must demonstrate that he suffered "actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The "fundamental miscarriage of justice" exception "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quotations omitted); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998).

Mr. Robinson makes two principal arguments to convince this court to review the claims that the district court found procedurally barred. First, he asserts that all his claims were fairly presented in the state court and that the district court failed to recognize this fact "because the U.S. District Court reviewed a deficient and incomplete state court pleading record relevant to exhaustion and timeliness[] that was intentionally

withheld." Aplt. Br. at 13. In support of this assertion, he cites to several state court filings. But he does not explain how these filings prove that he fairly presented each of his claims in state court in face of the district court's reasoning concluding otherwise. *See* Order to Dismiss in Part and For Answer, Jun. 17, 2011 at 9-13. Although Mr. Robinson proceeds pro se, we cannot serve as his counsel in formulating the missing arguments for him. *See Pinson*, 584 F.3d at 975.

Second, Mr. Robinson argues that unusual circumstances should operate as an excuse for any procedurally defaulted claims. Namely, he asserts that court officers illegally used unqualified psychologists to determine mental health issues, including Mr. Robinson's competency to stand trial, his competency to represent himself, and his sanity at the time of his offense. Mr. Robinson makes his argument in different ways throughout his brief, but the essential strain seems to be that the trial court's use of psychologists rather than licensed psychiatrists to determine his mental health, and the trial court's concealment of the fact this was illegal under Colorado law, should excuse any failure to comply with Colorado's procedural rules.

Because Mr. Robinson fails to argue actual innocence, his success hinges on whether he has shown both cause and prejudice. *See Bousley*, 523 U.S. at 622. The district court found Mr. Robinson had failed to do so. *See* Order to Dismiss in Part and For Answer, Jun. 17, 2011 at 12.

We agree that Mr. Robinson has failed to show cause in "some objective factor external to the defense [that] impeded [his] efforts to comply with the State's procedural

rule." *Coleman*, 501 U.S. at 753 (quotations omitted). Mr. Robinson raised the issue of whether he must be evaluated by licensed psychiatrists rather than psychologists in both his direct appeal and his post-conviction motion in state court. *See, e.g.*, ROA at 312. Because he was therefore clearly aware of this issue by the time of his direct appeal, the trial court's alleged concealment of the illegality cannot have prevented him from raising any connected claims in his appeal and post-conviction proceedings in state court.[2] It is Mr. Robinson's burden to show an external cause for his failure to comply with the state's procedural rule, and the arguments he has advanced fail to explain why and how he was prevented from doing so in state court.

Because Mr. Robinson has shown no cause to excuse the failure to comply with the state's procedural rule, we need not reach the question of actual prejudice. *See Coleman*, 501 U.S. at 750. He has failed to overcome the anticipatory procedural bar of his procedurally defaulted claims, and we are thereby prevented from reviewing them on the merits.

## III.   CONCLUSION

We deny Mr. Robinson a COA and dismiss this matter. We also deny his motion

---

[2]The fact that Mr. Robinson raised the mental health evaluations in the state court does not show that the claims at issue here were fairly presented in state court. Mr. Robinson uses the allegedly faulty evaluations to try to show *cause for not having fairly presented* those claims in state court and to show support for those claims.

to proceed *ifp* and the pending motion for a change of venue.

ENTERED FOR THE COURT

Scott M. Matheson, Jr.
Circuit Judge

-11-