FILED
United States Court of Appeals
Tenth Circuit

September 18, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEO SIMMONS,

      Petitioner-Appellant,

v.

JOHN CHAPDELAINE; JOHN
SUTHERS, The Attorney General of the
State of Colorado,

      Respondents-Appellees.

No. 12-1254

(D.C. No. 1:12-CV-00130-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Leo Simmons, a Colorado state prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's dismissal of his 28 U.S.C. §

2254 petition for federal habeas relief. Because Simmons has failed to satisfy the

standards for the issuance of a COA, we deny his request and dismiss the matter. We also

deny his request to proceed in forma pauperis on appeal.

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

I

*Simmons' state court proceedings*

On June 12, 2008, Simmons was convicted in the District Court of El Paso County, Colorado, on one count of possession of a controlled substance, and was sentenced to six years' imprisonment in the custody of the Colorado Department of Corrections. Simmons filed a direct appeal. On January 13, 2011, the Colorado Court of Appeals (CCA) affirmed Simmons' conviction. The Colorado Supreme Court subsequently denied certiorari review on May 9, 2011.

On April 18, 2011, while his direct appeal was pending, Simmons filed with the state trial court motions for postconviction relief under Colo. R. Crim. P. 35(a) and (c). The state trial court denied those motions on April 21, 2011. On appeal, however, the CCA concluded that the state trial court's "orders . . . were entered while [a direct appeal] was pending," and that, consequently, the state trial court "was without jurisdiction to enter the orders." ROA, Vol. 1, at 167. The CCA ordered the appeal dismissed without prejudice. Id.

On March 22, 2012, Simmons filed with the state trial court a motion for sentence reconsideration. That motion was denied by the state trial court on March 29, 2012.

*Simmons' federal habeas proceedings*

On January 18, 2012, Simmons initiated the instant proceedings by filing a pro se petition for writ of habeas corpus pursuant to § 2254. Simmons' petition alleged three vague claims: (1) "All my constitutional rights was abridged and violated throughout the

whole [trial] process," id. at 8; (2) ineffective assistance of trial counsel; and (3) that "a number of conflicts of interest" existed between Simmons and his trial counsel, id. at 9.

Due to the vague nature of Simmons' petition, the magistrate judge assigned to the case directed Simmons to file an amended petition alleging "specific facts to support each asserted claim." Id. at 26. Simmons responded by filing an amended petition on March 2, 2012. The amended petition alleged, among other things, that (1) Simmons' "bail was aggravated in the beginning without a hearing," id. at 34, (2) the prosecution "knowingly relied on the perjury and false testimony by . . . Detective Barnett," id. at 36, (3) trial counsel "was ineffective for wholly failing to prepare to present 'accurate' facts regarding [Simmons'] history or the defense theory of the case," id., (4) Simmons "was not given 72 hours notice of the alleged restitution amount" ultimately imposed by the trial court at sentencing, id. at 37, (5) "[t]here were a number of conflicts of interest and potential conflicts" between Simmons and trial counsel, id. at 38, (6) trial counsel failed to "consult [a fingerprint or forensic] expert" during "trial preparation," id., and (7) a former National Football League player sat on his jury and "was the driving force behind the threatening of the black jurors," id. at 40.

Respondents, at the directive of the magistrate judge, filed a pre-answer response "addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A)." Id. at 50. Respondents noted in their pre-answer response that Simmons, on direct appeal, "challenged only the admission of evidence of his prior felony crack cocaine conviction

3

under Colo. R. Evid. 404(b)," id. at 66-67, and "raised none of his federal habeas claims on direct appeal," id. at 67. In turn, respondents argued that, to the extent Simmons asserted any of the issues in his state "postconviction proceeding, that proceeding failed to exhaust the claims, as it was dismissed on appeal because the trial court lacked jurisdiction." Id. Finally, respondents asserted that Simmons had until July 1, 2014, to file a timely state postconviction motion raising all of the issues asserted in his federal habeas petition. Id. Consequently, respondents urged the district court to dismiss the petition due to Simmons' failure to exhaust state court remedies.

On May 29, 2012, the district court issued an order dismissing Simmons' petition without prejudice for failure to exhaust state court remedies. The district court also "certifie[d] pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from [its] Order [wa]s not taken in good faith, and, therefore, [it denied Simmons] in forma pauperis status . . . for the purpose of appeal." Id. at 241.

Simmons filed a timely notice of appeal, and has since filed with this court a combined opening brief and application for a COA, as well as a motion for leave to proceed on appeal without prepayment of costs or fees.

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). Where, as here, a district court denies a habeas petition on

4

procedural grounds, a COA will be issued only when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In his opening appellate brief, Simmons suggests it is unnecessary for him to first seek relief in the state courts, arguing that he is "entitled to . . . have the federal habeas court make its own independent determination of the federal claims [in his petition] without being bound by the determination on the merits of that claim reached in state proceedings." Aplt. Br. at 7. But Simmons is mistaken on this point. A federal court generally may not review a claim for federal habeas relief unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "A claim has been exhausted when it has been 'fairly presented' to the state court." Wilson v. Workman, 577 F.3d 1284, 1294 (10th Cir. 2009). "Fair presentation means that the substance of the claim must be raised in state court. The allegations and supporting evidence must offer the state courts a fair opportunity to apply controlling legal principles to the facts bearing upon [the] constitutional claim." Id. (quotations omitted).

After reviewing Simmons' opening appellate brief and the record on appeal, we conclude that jurists of reason would not find it debatable whether the district court was correct in dismissing Simmons' petition without prejudice for failure to exhaust available state court remedies. As the district court concluded in dismissing Simmons' petition, it

is undisputed that the claims asserted in Simmons' federal habeas petition have never been presented to the Colorado state courts.

The application for COA is DENIED and this matter is DISMISSED. Simmons' motion to proceed in forma pauperis on appeal is DENIED.

Entered for the Court

Mary Beck Briscoe
Chief Judge