# United States Court of Appeals

## For the First Circuit

No. 10-1870

LARRY ATKINS,

Petitioner, Appellant,

v.

HAROLD C. CLARKE,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

Before

Lynch, Chief Judge,
Selya and Howard, Circuit Judges.

David Shaughnessy for appellant.
    Amy L. Karangekis, Assistant Attorney General, with whom
Martha Coakley, Attorney General, was on brief, for appellee.

April 13, 2011

LYNCH, **Chief Judge**. The Supreme Court's new decision in Cullen v. Pinholster, No. 09-1088, 2011 WL 1225705 (Apr. 4, 2011), requires that we reject this appeal from a denial of a request for an evidentiary hearing in relation to a petition for habeas corpus.

On May 9, 2005, petitioner Larry Atkins was convicted in Massachusetts state court of unlawful possession of a firearm as well as unlawful possession of a firearm or ammunition without an identification card. On a motion for a new trial, Atkins raised an ineffective assistance of counsel claim, which concerned the admission into evidence of a 911 call. The motion included a request for an evidentiary hearing and was accompanied by two affidavits, one of which contained an admission by trial counsel that he should have asked for a more limiting instruction.

After considering the affidavits, trial transcript, and court notes of the proceeding, the state trial judge denied Atkins' request for an evidentiary hearing as well as his ineffective assistance claim. Commonwealth v. Atkins, No. 2004-01116, slip op. at 1 (Mass. Sup. Ct. Jan. 31, 2007). The state trial judge found that Atkins' lawyer had made a strategic choice as to the admission of the tapes that was not unreasonable, that the prejudice standard for ineffective assistance had not been met, and that there was no substantial risk of a miscarriage of justice. Id. at 5-11.

Atkins' appeals of his conviction and the denial of his motion for a new trial were consolidated. The state appeals court

-2-

affirmed, directly addressing and rejecting the ineffective assistance claim and agreeing with the trial court's analysis. Commonwealth v. Atkins, No. 06-P-220, 2007 WL 4234095, at *1 (Mass. App. Ct. Dec. 3, 2007). The state court rejected Atkins' argument that the trial judge abused her discretion in denying him an evidentiary hearing. Id. Atkins petitioned for further appellate review, which was denied by the Supreme Judicial Court in January 2008. Commonwealth v. Atkins, 450 Mass. 1107 (2008).

Within a few weeks, Atkins filed a petition for habeas corpus in federal court under 28 U.S.C. § 2254(d)(1). The petition was initially dismissed for want of prosecution but it was reinstated in February 2009. Before the federal district court, Atkins raised the same ineffective assistance claim and argued under § 2254(d)(1) that the state court decision was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). He also sought a federal evidentiary hearing under 28 U.S.C. § 2254(e)(2) so that his trial counsel--and perhaps he-- could testify as to trial strategy.

The federal district court denied the evidentiary hearing and denied the petition on its merits. Atkins v. Clarke, 730 F. Supp. 2d 253, 254 (D. Mass. 2010). It concluded that an evidentiary hearing was unnecessary because the state court record, which included trial counsel's affidavit on the new trial motion, contained the material facts relevant to Atkins' ineffective

-3-

assistance claim.  Id. at 255.  Atkins received a certificate of appealability only on the issue of whether the federal district court abused its discretion in denying his request for an evidentiary hearing.  Thus, only that issue is before us.

Shortly before oral argument, Cullen clarified the legal landscape as to evidentiary hearings under § 2254(e)(2).  When Cullen was decided on April 4, 2011, we advised counsel that day to address Cullen at oral argument, which was done.

Cullen held that habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  Cullen, 2011 WL 1225705, at *8.  The Court reasoned that the "backward-looking language" present in § 2254(d)(1) "requires an examination of the state-court decision at the time it was made" and that therefore the record under review must be "limited to the record in existence at that same time i.e., the record before the state court."  Id.

The Court held that this reading was "compelled" by the structure of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which it held conveyed "Congress' intent to channel prisoners' claims first to the state courts."  Id.  It held that "evidence introduced in federal court has no bearing on § 2254(d)(1) review.  If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before the state

-4-

court." Id. at *10. The Court noted that this construction did not render superfluous § 2254(e)(2), which sets limits on the availability of evidentiary hearings. That subsection may apply when a constitutional claim was not "adjudicated on the merits," within the meaning of § 2254(d)(1). Id. at *10-11.

It is clear both that Atkins' petition for habeas corpus was brought under § 2254(d)(1) and that his ineffective assistance claim was adjudicated on the merits by the state court. Until oral argument, Atkins had conceded in all of his habeas filings that the claims were in fact adjudicated on the merits in the state courts.

Atkins now argues that the phrase "adjudicated on the merits" in § 2254(d)(1) must be given a new meaning in light of Cullen. He argues that a state court has not adjudicated a claim on the merits unless it has given a full and fair evidentiary hearing and that therefore federal courts must hear new evidence if the state court has declined to give a petitioner such a hearing. Atkins relies on two pre-Cullen decisions: Winston v. Kelly, 592 F.3d 535 (4th Cir. 2010), and Wilson v. Workman, 577 F.3d 1284 (10th Cir. 2009) (en banc).

To the extent these cases are inconsistent with Cullen as to claims asserted under § 2254(d)(1), and that appears to be the point of Atkins' citation to them, they are, of course, overruled. The citation to Wilson is presumably for its statement that "when the state court makes such findings on an incomplete record, it has

not made an adjudication on the merits to which we owe any deference." <u>Wilson</u>, 577 F.3d at 1290. Neither of those cases is like this one. And there is no doubt that this case was adjudicated on the merits. A contrary interpretation would eviscerate <u>Cullen</u> and we reject it.

As the only issue on which a certificate of appealability was entered concerned Atkins' request for a federal evidentiary hearing, we <u>affirm</u>.