# United States Court of Appeals
## For the First Circuit

No. 12-2481

JOSEPH M. GARUTI,

Petitioner, Appellant,

v.

GARY RODEN,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor IV, U.S. District Judge]

Before

Torruella, Dyk,[*] and Thompson,
Circuit Judges.

Stephen Paul Maidman for petitioner-appellant.
Jennifer L. Sullivan, Assistant Attorney General, Criminal
Bureau, with whom Martha Coakley, Attorney General, was on brief,
for respondent-appellee.

October 23, 2013

---

[*]Of the Federal Circuit, sitting by designation.

**DYK**, **Circuit Judge**.  In this habeas appeal, petitioner Joseph M. Garuti argues that the district court erred in dismissing his petition without an evidentiary hearing. Garuti argues that, inter alia, he was entitled to a hearing on his Sixth Amendment ineffective assistance of counsel claims under Strickland v. Washington, 466 U.S. 668 (1984).  Because Garuti cannot demonstrate that he has raised a substantial issue that would require additional factual development, we affirm.

## I

On March 14, 2006, Garuti was convicted in Massachusetts Superior Court of first degree murder by reason of extreme atrocity or cruelty.  Garuti was charged with striking and killing his ex-wife by running her over with an automobile while picking up his two young children from her home. After striking his ex-wife with the automobile, Garuti, a registered nurse, refused to render any assistance.  Garuti's defense was that the death was an accident. On the advice of trial counsel, Garuti did not testify on his own behalf at trial.

After Garuti's conviction, Garuti, now represented by new counsel, raised the claims now asserted in his habeas petition, in a motion for a new trial in the Massachusetts trial court.  In this motion, Garuti argued that he was denied his right to effective

-2-

assistance of counsel under the Sixth Amendment,[1] and that he was prejudiced by his attorney's deficient representation. Garuti also argued that, because of counsel's allegedly deficient performance, he did not knowingly and intelligently waive his right to testify on his own behalf. Garuti relied on his own 36-page affidavit reciting various facts pertinent to his trial counsel's performance. Garuti sought to obtain an additional affidavit from his trial counsel in support of his motion, furnishing trial counsel with a draft affidavit. Trial counsel sent Garuti's appellate counsel a letter stating that he had refused to sign the draft because it was "inaccurate," without specifying the claimed inaccuracies.

On the same day that Garuti filed his new trial motion, Garuti also moved for an evidentiary hearing in state court in order to more fully develop the record on his ineffective assistance claim (by, for example, obtaining testimony from trial counsel). Garuti argued that he was entitled to an evidentiary hearing because his own affidavit raised serious questions of fact

---

[1] Garuti argued primarily that his trial counsel's performance was deficient because: (1) trial counsel did not consult with Garuti adequately; (2) trial counsel failed to properly prepare Garuti to testify at trial; (3) trial counsel did not properly advise Garuti of the strategic implications of failing to testify in his own defense; (4) trial counsel did not properly cross-examine two Massachusetts state troopers who interrogated Garuti; and (5) trial counsel failed to provide Garuti with an affidavit in support of his motion for a new trial (i.e., an affidavit outlining trial counsel's views as to his own performance).

regarding his ineffective assistance claims. The Commonwealth argued that no evidentiary hearing was required because Garuti's sworn affidavit was conclusory and self-serving.

On May 12, 2008, the Superior Court denied both the new trial motion and the motion for an evidentiary hearing, ruling that "the defendant's motion for a new trial is hereby denied without a hearing." S.A. 196 (emphasis removed). The court was "unpersuaded" by Garuti's ineffective assistance argument, and noted that it would not "credit the defendant's self-serving contentions." S.A. 195. The trial court also relied on trial counsel's statement to Garuti's appellate counsel that he would not sign the proposed affidavit because it was "inaccurate." S.A. 195. Though trial counsel had not furnished an affidavit, the trial judge concluded that "it is pure speculation that such an affidavit would be helpful to [Garuti's] cause." S.A. 195.

On May 21, 2008, Garuti appealed to the Massachusetts Supreme Judicial Court. On June 10, 2009, the Supreme Judicial Court affirmed. See Commonwealth v. Garuti, 907 N.E.2d 221 (Mass. 2009) ("SJC Decision"). The Supreme Judicial Court concluded that "there was no . . . ineffective assistance of counsel that would require a new trial," id. at 230, and that therefore "[the trial judge] was warranted in not granting [Garuti's] motion for an evidentiary hearing on the motion." Id. at 232. Based on a colloquy Garuti had in open court with the trial judge, the Supreme

-4-

Judicial Court had held that "the record supports the [trial] judge's conclusion that the defendant's waiver of his right to testify was knowing and intelligent." Id.

On August 27, 2010, pursuant to 28 U.S.C. § 2254, Garuti filed his habeas petition in the district court. The petition reiterated Garuti's ineffective assistance claims and argued that the state court's denial of an evidentiary hearing on these claims was a violation of due process. The petition also raised another constitutional due process claim alleging that Garuti did not "knowingly and intelligently" waive his right to testify at his trial. After filing the petition, Garuti moved for an evidentiary hearing in the district court. The magistrate judge denied the motion for an evidentiary hearing, reasoning that the merits of Garuti's § 2254 habeas claim had been reasonably addressed by the Supreme Judicial Court on the record before it and that, as a result, Cullen v. Pinholster, __ U.S. __, 131 S. Ct. 1388, 1398 (2011), barred such a hearing. Garuti v. Roden, No. 10-11473-RGS, 2012 WL 381045, at *1 (D. Mass. Feb. 3, 2012).

Subsequently, on August 24, 2012, the magistrate judge issued a report and recommendation advising the district judge to dismiss the habeas petition. See Garuti v. Roden, No. 10-11473-FDS, 2012 WL 5866252 (D. Mass. Aug. 24, 2012) ("Report and Recommendation"). In recommending that the petition be dismissed, the magistrate judge reiterated that the evidence in the record

-5-

"provide[d] a constitutionally sufficient basis for the trial court to rule on the motion for a new trial without an evidentiary hearing and for the Supreme Judicial Court to affirm that ruling." Id. at *20.

On November 16, 2012, the district court adopted the magistrate judge's report and recommendation, dismissing the petition and holding that the state court record was sufficient to resolve the case. See Garuti v. Roden, No. 10-11473-FDS, 2012 WL 5866248 (D. Mass. Nov. 16, 2012) ("District Court Order"). The district court issued the certificate of appealability required by 28 U.S.C. § 2253(c), and Garuti timely appealed to this court.

**II**

On appeal, Garuti argues that the district court should have granted him an evidentiary hearing. He urges that the Supreme Judicial Court's decisions were based on an incomplete record and that the rejections of his Sixth Amendment ineffective assistance and Fourteenth Amendment due process claims were therefore based on objectively unreasonable determinations of the facts under § 2254(d)(2) and unreasonable applications of Supreme Court case law under § 2254(d)(1).

We review the district court's denial of habeas relief with respect to the claims raised in state court de novo. Lynch v. Ficco, 438 F.3d 35, 44 (1st Cir. 2006) (citing Ellsworth v. Warden, 333 F.3d 1, 3 (1st Cir. 2003)). We review the district

-6-

court's refusal to hold an evidentiary hearing for abuse of discretion. Companio v. O'Brien, 672 F.3d 101, 112 (1st Cir. 2012) (citing Forsyth v. Spencer, 595 F.3d 81, 85 (1st Cir. 2010)).

**A**

We first consider the extent to which the Supreme Court's decision in Pinholster bars evidentiary hearings under § 2254(d). That section provides that

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under this section, habeas corpus relief is only available if the state court's conclusion is based upon a factual determination that is objectively unreasonable in light of the evidence presented in the state court proceeding. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Garuti argues that the district court erroneously interpreted Pinholster to categorically bar hearings in federal habeas proceedings, except in situations

where the state court decision rested exclusively on a finding of procedural default.

Pinholster makes clear that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S. Ct. at 1398. But Garuti argues that the evidentiary hearing bar applies only to review under § 2254(d)(1). Subsequent out-of-circuit authority establishes that it applies under § 2254(d)(2) as well. See Blue v. Thaler, 665 F.3d 647, 656 n.26 (5th Cir. 2011) ("[Section] 2254(d)(2) . . . expressly instructs that the state court's decision must be evaluated 'in light of the evidence presented in the State Court proceeding.'" (quoting 28 U.S.C. § 2254(d)(2))). We agree that the evidentiary hearing bar applies to review under both sections of § 2254(d). This court has noted specifically that "[r]eview under the 'fact' prong [i.e., Section 2254(d)(2)] is limited to the record that was before [the] state court." Brown v. O'Brien, 666 F.3d 818, 822 n.3 (1st Cir. 2012).[2]

The difficult question in this case relates to the scope of Pinholster's bar on evidentiary hearings under both portions of § 2254. Garuti first argues that, because the state court held no evidentiary hearing to resolve contested issues of fact, the claims

---

[2] See also Rountree v. Balicki, 640 F.3d 530, 538 (3d Cir. 2011) ("Importantly, the evidence against which a federal court measures the reasonableness of the state court's factual findings is the record evidence at the time of the state court's adjudication." (internal citation omitted)).

at issue here were not "adjudicate[d] on the merits," as § 2254 requires. Garuti urges us to follow cases similar to Winston v. Kelly, 592 F.3d 535, 555-56 (4th Cir. 2010), which declined to extend § 2254 deference to a state court judgment ruling that such deference "would be inappropriate because judgment on a materially incomplete record is not an adjudication on the merits for the purpose of § 2254(d)." See also Wilson v. Workman, 577 F.3d 1284, 1293 (10th Cir. 2009) (en banc) ("To dispose of a claim without considering the facts supporting it is not a decision on the merits."); Brown v. Smith, 551 F.3d 424, 428-29 (6th Cir. 2008) (holding that a petitioner's "ineffective-assistance-of-counsel claim ha[d] not been 'adjudicated on the merits' because the counseling notes that form[ed] the basis of the claim were not in the record before the Michigan Court of Appeals").

Although these decisions by other courts appear to support Garuti's position, a recent decision of our court stands in Garuti's way. In Atkins v. Clarke, 642 F.3d 47, 48 (1st Cir. 2011), this court rejected the view that there can be no decision on the merits within the meaning of § 2254(d) unless there was an evidentiary hearing. This court held that those cases on which Garuti relies were essentially overruled by Pinholster. See 642 F.3d at 49. Indeed, Garuti concedes that Atkins "declined to accept the rationale of the Fourth Circuit in Winston and the Tenth Circuit in Workman." Appellant's Br. 25 n.14.

-9-

Moreover, the Supreme Court in <u>Harrington</u> v. <u>Richter</u>, __ U.S. ___, ___, 131 S. Ct. 770, 785 (2011), held, consistent with <u>Atkins</u>, that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be <u>presumed</u> that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." 131 S. Ct. at 784-85 (emphasis added).

After <u>Harrington</u>, the reasoning of <u>Brown</u> and similar cases on which Garuti relies has been rejected by the Sixth Circuit itself. <u>Ballinger</u> v. <u>Prelesnik</u>, 709 F.3d 558, 562 (6th Cir. 2013). <u>Ballinger</u> concluded that, to the extent that pre-<u>Harrington</u> decisions such as <u>Workman</u> and <u>Brown</u> are "inconsistent with <u>Harrington</u>'s definition of 'on the merits,'" such decisions are "no longer the law." <u>Id.</u> We are, in any event, bound by <u>Atkins</u>, which is inconsistent with Garuti's theory that there can be no decision on the merits if there has been no evidentiary hearing on disputed facts.

Garuti alternatively argues that <u>Pinholster</u> does not bar an evidentiary hearing in district court because the Massachusetts Court's refusal to hold an evidentiary hearing violated due process. The Fifth Circuit has held that due process is violated where the state court has refused to hold a hearing despite the existence of a prima facie valid claim. <u>See</u> <u>Smith</u> v. <u>Cain</u>, 708 F.3d 628, 634-35 (5th Cir. 2013); <u>Blue</u> v. <u>Thaler</u>, 665 F.3d 647, 657

-10-

(5th Cir. 2011). This holding is based on the principle that the state court's denial of the evidentiary hearing in such cases "run[s] afoul of the Due Process Clause," which strips the state's ruling of § 2254 deference. Blue, 665 F.3d at 657. If the state court's refusal to hold an evidentiary hearing was a due process violation, the theory goes, the district court is required to hold an evidentiary hearing. The court reasoned in Smith that "Pinholster's limitation on federal evidentiary hearings does not apply once the district court conclude[s], solely on the basis of the state court record, that the state trial court unreasonably applied federal law" (e.g., unreasonably violated the Due Process Clause). 708 F.3d at 635.

This court has not addressed this question, and we need not resolve the issue here because the factual circumstances that could trigger an exception to Pinholster's bar on evidentiary hearings do not exist in this case. As we discuss below, Garuti did not present a prima facie valid claim raising a substantial factual issue that might have required a hearing in the Massachusetts Superior Court, and hence a hearing in the district court. Thus, Pinholster and § 2254(d) barred the district court from granting an evidentiary hearing, even if we were to agree with the due process theory articulated in the Fifth Circuit cases described above.

-11-

**B**

In affirming the denial of an evidentiary hearing by the Massachusetts Superior Court, the Supreme Judicial Court held that Garuti had not established that substantial factual issues existed. Garuti contends that this ruling offended basic principles of due process established in Patterson v. New York, 432 U.S. 197 (1977). However, Patterson establishes a high bar. It makes clear that state law evidentiary procedures are "not subject to proscription under the Due Process Clause unless '[they] offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" 432 U.S. at 201-02 (quoting Speiser v. Randall, 357 U.S. 513, 523 (1958)). This court has held that to provide "ground[s] [for] federal habeas relief," an improper ruling on an evidentiary issue in state court "must be 'so arbitrary and capricious as to constitute an independent due process . . . violation.'" Coningford v. Rhode Island, 640 F.3d 478, 484 (1st Cir. 2011) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

Here, the state law procedures employed were reasonable both on their face and as-applied. Massachusetts Rule of Criminal Procedure 30(c)(3) allows a motion for a new trial to be rejected "without further hearing if no substantial issue is raised by the

motion or affidavits." Mass. R. Crim. P. 30(c)(3); see S.A. 194.[3] Garuti provides no argument or analysis suggesting that this criminal procedure rule itself violates basic principles of due process.

There was also nothing unconstitutional about the state court's application of its own criminal procedure rules in this case. To be sure, the district court likely erred in relying on Garuti's former counsel's letter and his refusal to sign the proposed affidavit to support the denial of an evidentiary hearing. Report and Recommendation, 2012 WL 5866252, at *11 ("Trial counsel's description of the contents of the affidavit as inaccurate thus provides further support for the Supreme Judicial Court's and trial court's factual determination vis-á-vis the adequacy of petitioner's consultation with trial counsel about the right to testify."). The Federal Rules of Evidence generally apply in habeas proceedings in district courts, Loliscio v. Goord, 263 F.3d 178, 186 (2d Cir. 2001), and trial counsel's statements regarding the inaccuracy of the proposed affidavit in the letter to appellate counsel are hearsay and do not fall under any recognized hearsay exception. Therefore, they should not have been considered by the district court in deciding whether a substantial issue of

_____

[3] Though the trial court opinion cites Mass. R. Crim. P. 30(b)(3), it is clear that the trial court intended to cite Rule 30(c)(3), as this is the rule pertaining to affidavits (no Rule 30(b)(3) exists).

-13-

fact existed.[4]  Fed. R. Evid. 802.  However, as we now discuss, quite apart from his former counsel's statement, nothing in Garuti's own affidavit and the trial record raises a substantial factual issue or supports granting an evidentiary hearing.

**1**

In attempting to make out a due process violation, Garuti first argues that the evidence in the record, along with his affidavit, raised a substantial Strickland issue that trial counsel's consultation with Garuti was inadequate overall.  Under Strickland, the petitioner has the burden to show by a preponderance of the evidence that "(1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different."  Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996).  In his affidavit, Garuti averred that he made "numerous efforts" to contact his trial counsel and that, "[d]espite [his] repeated efforts . . ., the amount of time [trial counsel] consulted with [him] about the facts of [his] case was minimal."  S.A. 309.  Garuti alleged that he had two in-person consultations with trial counsel that "were not of any great duration."  S.A. 310.  Garuti also stated that he placed

---

[4]  The Judicial Code concerning habeas corpus makes provisions for the admission of certain evidence such as affidavits, 28 U.S.C. § 2246, and full transcripts, 28 U.S.C. § 2247, but unsworn statements are not made admissible by the statute.

-14-

telephone calls to trial counsel but that "[he] was able to speak to [trial counsel] briefly on only a few of th[ose] occasions." S.A. 310. Finally, Garuti alleged that he wrote many letters to trial counsel, only received "a few relatively short letters" in response while he was awaiting trial, and these responsive letters did not address the facts of the case "in any degree of detail." S.A. 310.[5]

We find that the allegations in Garuti's affidavit raise no substantial issues because they are non-specific in nature and conclusory. Garuti provides no specific information concerning the duration of his in-person or telephone conversations with trial counsel. Garuti also failed to attach any of the letters sent to or received from counsel (or any other documentary or testimonial evidence in his possession) to his affidavit. Conclusory allegations are insufficient to raise a substantial factual issue. United States v. Southard, 700 F.2d 1, 10 (1st Cir. 1983); see Mendez-Aponte v. Bonilla, 645 F.3d 60, 64 (1st Cir. 2011); see also Kunkle v. Dretke, 352 F.3d 980, 987 (5th Cir. 2003). This court rejected such inadequate consultation claims where support was similarly lacking. See, e.g., McCarthy v. United States, 764 F.2d 28, 31 (1st Cir. 1985) (rejecting claim that counsel "spent an inadequate amount of time consulting with the petitioner

---

[5] Garuti also averred that trial counsel did not review the police reports pertaining to the incident with him.

-15-

in preparation for [a] sentencing" proceeding). The trial court record also provides no support for Garuti's claim of inadequate consultation. Thus, the inadequate consultation claim provided no basis for an evidentiary hearing.

## 2

Garuti next argues that his trial attorney rendered ineffective assistance because he inadequately consulted with Garuti regarding Garuti's version of what happened during his interrogation with two state troopers that led to Garuti's confession, and that, as a result, trial counsel failed to properly cross-examine them. Garuti's affidavit recites his version of the facts surrounding his interrogation with the state troopers. Although it concludes generally that "[trial counsel] did not consult with [Garuti] in any significant way regarding the anticipated testimony of most of the Commonwealth's witnesses," S.A. 311, it does not contain any specific information pertaining to trial counsel's consultation or lack thereof regarding his cross-examinations of the state troopers.

This lack of specific allegations, combined with an analysis of the trial record, makes clear that Garuti has not raised a substantial issue. The district court concluded that the trial transcript showed that "counsel had a firm grasp of the facts of the case and petitioner's side of the story" and that "counsel adequately cross-examined the Commonwealth's witnesses, including

-16-

the state troopers." District Court Order, 2012 WL 5866248, at *2.

The Supreme Judicial Court analyzed trial counsel's cross examination of both troopers and found that counsel impeached their testimony in various respects. Specifically, the Supreme Judicial Court explained that trial counsel elicited testimony indicating that one trooper did not record Garuti's statement and had a faulty memory and that the other trooper had only been in the interrogation room for five minutes. The fact that the troopers had failed to record the interrogation was apparently a fact that Garuti wanted emphasized by trial counsel, as Garuti has two separate paragraphs in his affidavit that emphasize the importance of this lack of a recording. The Supreme Judicial Court also explained that trial counsel obtained a key admission from one of the troopers that indicated that trial counsel was familiar with Garuti's side of the story.[6] The Supreme Judicial Court also pointed to questioning of other witnesses suggesting that counsel was very knowledgeable about the facts of the case, which in its view "belie[d] [Garuti's] contention that trial counsel did not know the the defendant's side of the story . . . ." SJC Decision, 907 N.E.2d. at 231.

---

[6] Specifically, a trooper admitted to Garuti's counsel that Garuti had told the trooper that, immediately before the accident, he did not "right" (or correct) the wheels to his vehicle before exiting his ex-wife's driveway (where the accident occurred). Presumably, Garuti wanted the jury to believe that he did not know (or had forgotten) which way the wheels of his car were turned when he attempted to drive away.

To be sure, trial counsel did not question the police witnesses about their alleged abusive interrogation tactics in seeking Garuti's confession, but Garuti has failed to show that the trial counsel's alleged inadequacy stemmed from failure to consult with Garuti. The decision not to question the police witnesses regarding the alleged abusive interrogation may have been a judgment that these questions would be neither desirable nor useful.

Because we conclude that the record before the state court made clear that trial counsel had sufficient knowledge of the interrogation under Strickland, and Garuti's conclusory affidavit does not undermine this conclusion, Garuti has not raised a substantial factual issue.

**3**

Finally, Garuti makes Strickland arguments relating to his decision not to testify at trial. He contends that counsel did not adequately prepare Garuti to testify or explain fully the strategic implications of Garuti's decision not to testify. On the issue of his decision not to testify, however, the Supreme Judicial Court pointed to evidence in the record suggesting that trial counsel performed reasonably. First, it explained that Garuti admitted in his own affidavit that trial counsel "emphatically told [Garuti] his view of the risks I faced if I testified." SJC Decision, 907 N.E.2d at 232; see also S.A. 312. Trial counsel had

-18-

been particularly concerned that, given the troubled relationship Garuti had had with his ex-wife, Garuti would vilify her during the testimony, which would likely result in a guilty verdict. The Supreme Judicial Court explained that Garuti did not dispute that this was sound advice.[7] Although the Supreme Judicial Court recognized that Garuti's primary complaint was that trial counsel did not inform him of the benefits of testifying (i.e., that Garuti could tell his side of the story), the Supreme Judicial Court concluded that trial counsel's emphasis on risks over benefits "was not manifestly unreasonable." See SJC Decision, 907 N.E.2d at 232.

Garuti again argues that the Supreme Judicial Court unreasonably applied the facts because it did not have the benefit of a complete record. However, it is clear again that he has not raised a substantial issue. Garuti's affidavit concedes that trial counsel "emphatically told [Garuti] his views of the risks . . . if [Garuti] testified." S.A. 312. The record here establishes that it would not have been unreasonable for an attorney in trial counsel's shoes to have primarily emphasized the risks of testifying over the benefits.

As this court held in Lema v. United States, 987 F.2d 48, 52 (1st Cir. 1993), "[u]naccompanied by coercion, legal advice concerning exercise of the right to testify infringes no right

_____

[7]    The Supreme Judicial Court also noted that Garuti's testimony could have opened the door to a rebuttal witness who could have testified regarding the victim's fear of the defendant.

-19-

[under Strickland], but simply discharges defense counsel's ethical responsibility to the accused." Id. (internal citations omitted); see also United States v. Teague, 953 F.2d 1525, 1534-35 (11th Cir. 1992)(en banc) (affirming the district court's rejection of a Strickland claim where "the evidence failed to show that the Defendant's will was 'overborne' by his counsel"). There was no such coercion here, as Garuti admits in his affidavit that trial counsel "did not coerce [him] into making [his] decision not to testify." S.A. 314. Moreover, in Lema, the attorney emphasized a risk of testifying (in that case, divulging prior convictions), just as Garuti's trial counsel did here. See Lema, 987 F.2d at 50-53; see also Bucuvalas v. United States, 98 F.3d 652, 658 (1st Cir. 1996) (concluding that trial counsel's emphasis on certain risks was "the best possible advice" and rejecting the defendant's Strickland claim). Garuti has not raised a substantial factual issue as to this Strickland claim.

Relatedly, Garuti also argues that, given trial counsel's allegedly deficient explanation of the benefits and risks of testifying, he could not have knowingly and intelligently waived his right to testify. See Johnson v. Zerbst, 304 U.S. 458, 464 (1938) (requiring that constitutional rights be waived via "an intentional relinquishment or abandonment"). This contention is also incorrect. The Supreme Judicial Court cited a colloquy that Garuti had with the trial judge, in which Garuti "affirmed that his

decision not to testify was made after adequate consultation with his counsel and was his own decision" and stated that trial counsel "was acting most certainly in his best interests." SJC Decision, 907 N.E.2d at 232 (internal quotation omitted). Garuti reaffirmed his waiver after "the trial judge briefly suspended the colloquy to allow petitioner to consult counsel one last time before committing to his waiver." District Court Order, 2012 WL 5866248, at *2. In his affidavit, Garuti admits that "[t]he trial judge held [this] colloquy with [him] regarding [his] right to testify," and "[Garuti] understood that it was entirely [his] decision [of] whether or not to testify." S.A. 313.[8] Garuti has again failed to raise a substantial question that might require an evidentiary hearing.[9]

---

[8] This court has held in other contexts, moreover, that "knowing and intelligent" waivers of rights occur where "the defendant is aware of the risks" associated with his decision. See, e.g., Tuitt v. Fair, 822 F.2d 166, 176 (1st Cir. 1987) (discussing waiver of right to counsel).

[9] Garuti also raises a claim that his former trial counsel's refusal to furnish an affidavit describing his conduct, in and of itself, constituted ineffective assistance of counsel. But this claim also does not raise a substantial issue. The Supreme Judicial Court determined that an attorney does not have "a duty to provide an affidavit to accompany a defendant's motion for a new trial." SJC Decision, 907 N.E.2d at 230. It "agree[d] with the [trial] judge that even if there were a duty to provide an affidavit, it is pure speculation that the affidavit would have been helpful." Id. Based on the foregoing analysis, we agree and find this argument to be without merit.

Garuti further claims that his former trial counsel failed to prepare him to testify. Even if Garuti were correct, this raises no Strickland issue. Given Garuti's decision not to

-21-

To the extent that Garuti contends that in other respects he has satisfied the standards of § 2254(d), even without an evidentiary hearing, there is no merit to this claim.

### III

Because it is clear here that Garuti's claim was adjudicated on the merits by the Supreme Judicial Court, and Garuti has not raised a substantial issue that might require an evidentiary hearing, the judgment of the district court is affirmed.

**AFFIRMED**

---

testify, the alleged failure to prepare him does not meet the prejudice prong of the <u>Strickland</u> test.